14-15040-F

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

MATTHEW DAVID AYERS

APPELLANT

VS.

UNITED STATES OF AMERICA

APPELLEE

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

(DISTRICT COURT NO: 5:14-CR-117-LSC-SGC)
_____

BRIEF OF APPELLANT

MATTHEW DAVID AYERS
_____

W. Scott Brower
Attorney for Appellant
Brower Law Office
P.O. Box 130249
Birmingham, AL 35213
(205) 458-9889

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PARTIES PERSONS AND CORPORATE DISCLOSURE STATEMENT

## <u>MATTHEW DAVID AYERS v. UNITED STATES OF AMERICA</u>

W Scott Brower, Attorney of Appellant

Matthew David Ayers, Appellant

Honorable L. Scott Coogler, United States District Judge

Honorable Stacy Cornelius, United States Magistrate Judge

Lindy Fuller, Court Reporter

Mary Stuart Burrell, Assistant United States Attorney

Joyce Vance, United States Attorney

United States Probation Office

## **STATEMENT REGARDING ORAL ARGUMENT**

This is an appeal from a guilty plea and sentencing in the above matter. Since counsel is filing an <u>Ander's</u> brief in this cause sees no reason for oral argument.

## **CERTIFICATE OF TYPE SIZE AND STYLE**

 Pursuant to the Eleventh Circuit Rule 32-4(b), Counsel for the Appellant certifies that the type size and style used in this brief is 14 point Times New Roman.

# **TABLE OF CONTENTS**

| | |
|---|---|
| CERTIFICATE OF INTERESTED PARTIES | c-1 |
| STATEMENT REGARDING ORAL ARGUMENT | I |
| CERTIFICATE REGARDING TYPE SIZE AND STYLE | ii |
| TABLE OF CONTENTS | iii |
| TABLE OF CITATIONS | iv |
| STATEMENT OF JURISDICTION | 1 |
| STATEMENT OF ISSUES PRESENTED | 2 |
| STATEMENT OF CASE | 2 |
| STATEMENT OF FACTS | 4 |
| STANDARD OF REVIEW | 6 |
| SUMMARY OF ARGUMENTS | 7 |
| ARGUMENT | 8 |
| CONCLUSION | 10 |
| CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7)(B) and ( C) | 11 |
| CERTIFICATE OF SERVICE | 12 |

# TABLE OF CITATIONS

**CASES:**                                                                                           **PAGE(S)**

Anders v. California,                                                                                 i,7,10
    386 U.S. 738, 87 S.Ct. 1396 L.Ed. 493 (1967)

United States v. Dean                                                                                 8,9
    635 F. 3d 1200, 1212 (11th Cir. 2011)

United State v. Irey                                                                                  9
    612 F. 3d 1160,1166 (11th Cir. 2010)

United States v. Kapordelis                                                                           9
    569 F. 3d 1291, 1319 (11th Cir. 2009)

Kimbrough v. United States,                                                                           8
    552 U.S. 85, 101 (2007)

Rita v. United States,                                                                                8
    551 U.S. 338, 351 (2007)

**STATUTES:**

18 U.S.C. § 2251                                                                                      2,3

28 U.S.C. § 1291                                                                                      1

**UNITED STATES SENTENCING GUIDELINES**

§5G1.2 (b) and (d)                                                                                    2

## STATEMENT OF JURISDICTION

Jurisdiction in the matter is conferred on the Court of Appeals by 28 U.S.C. § 1291, which grants this Court authority to review a final decision of the U.S. District Court.

## STATEMENT OF ISSUES PRESENTED

Whether or not there is any merit to Ayers' appeal based upon the fact that he was sentenced pursuant to United States Sentencing Guidelines § 5G1.2(b) and (d) to consecutive 30 year sentences, as his Guideline imprisonment range is life. Pursuant to § 5G1.2(b) and (d), when the statutory authorized maximum sentence (30 years) is less than the minimum of the applicable guideline range, the sentences imposed **shall** be run consecutively, to the extend the combined sentence is equal to the total punishment.

## STATEMENT OF THE CASE

On January 1, 2013, the Defendant and his wife, Patricia Ayers were arrested on related state charges. On May 6, 2014, they were both obtained on a Writ by the United States Marshal from the custody of the State of Alabama. Ayers was arraigned on a fifty (50) count indictment for Production of Child Pornography pursuant to 18 U.S.C. 2251(a) and 18 U.S.C. 2251(b)and (e) on May 14, 2014. (R1-1) At that time, counsel was appointed to represent Ayers.

On June 26, 2014, Ayers entered plea of guilty to twenty five (25) counts of Production of Child Pornography under 18 U.S.C. 2251(a). (R1-19)

A presentence investigation report was prepared on September 10, 2014. (R1032) On October 20, 2014, the government filed a Sentencing Memorandum asking the court to sentence the Ayers to consecutive 30 year sentences for in all 25 counts (R1-25) and on October 21, 2014 Ayers filed a Sentencing Memorandum asking the court to sentence him to concurrent 30 year sentences on half the counts and concurrent 15 year sentences on the other half, with the 30 year and 15 year sentences to be run consecutively for a total sentence of 45 years. (R1-27)

On October 22, 2014, the Honorable Scott Coogler sentenced the Appellant, Matthew David Ayers to Thirty (30) Years in each of the Twenty Five Counts to run consecutive to one another, for a total sentence of 9000 months or 750 years. (R1-34)

On November 5, 2014, Ayers through counsel filed a Notice of Appeal. (R1-38)

Ayers was subsequently sentenced to two concurrent life sentences in the related state cases following a guilty plea to Sodomy 1st degree and production of Child Pornography involving parent and child.

# STATEMENT OF FACTS

On December 1, 2012, Patricia and Matthew Ayers met another couple (Sean Patrick Fannon and Carinn Seabolt) online intending to participate in "swinging" with the other couple. All four people visited in he Ayers's residence and the other couple were introduced to the children living in the home. These children were the biological children of Patricia Ayers. During that visit, the couples participated in sexual activities with each other.

Subsequently on December 8, 2012, the Ayers visited the other couple at their residence. During this visit, Patricia Ayers attempted to provide Fannon with some sexual pictures of herself and Matthew that were contained on a thumb drive. However, the thumb drive did not work properly. On December 14, 2012, the Ayers's family spent the weekend with Fannon and Seabolt. During the visit, Fannon provided digital pictures of he and Seabolt to Patricia Ayers, who in turn provided digital images to Fannon of what she said were images of her and Matthew Ayers. Fannon believed that they were exchanging images of adults engaged in sexual conduct. The exchange of files occurred over Fannon's wireless system.

Later, on December 22, 2012, Fannon was in Chattanooga, Tennessee, when he first opened the files provided to him by Patricia Ayers. While viewing the pictures he was provided, he saw what he believed to be images of child pornography. Fannon recognized the child in the photographs as being Patricia Ayers's daughter. At that time, he immediately closed the files and contacted Seabolt to explain what he had seen. During the conversation, both agreed that Fannon should contact law enforcement in order to ensure the safety of the children living in the Ayers's residence. Fannon attempted to contact the Lauderdale County Sheriff's Department and the Lauderdale County Department of Human Resources, but was referred to the Madison County Sheriff's Department.

On December 24, 2012 upon returning to Alabama, Fannon met with Madison County Sheriff's Deputy Koch and advised the deputy of the above. Fannon turned over his computer and signed a consent to search form for the computer. Deputy Koch confirmed the child pornography and contacted Sergeant Shaw, also with Madison County. Sgt. Shaw and ABI forensic Agent Joey Hughes reviewed Fannon's computer and retrieved five images of child pornography.

Sgt. Shaw then on January 2, 2013 made contact with Inv. Richard Richey of the Lauderdale County Sheriff's Office to explain the situation. Inv. Richey

5

served a search warrant at the Ayers's residence in Florence, Alabama. Patricia Ayers was transported back to the Sheriff's office where, after waiving he Miranda rights, admitted to taking the images of the victim. She was subsequently arrested. During a subsequent review of the computer images, ABI Forensic Agent Rager located images of the victim and Matthew Ayers engaging in sexual acts. Matthew Ayers was the arrested.

The victim in the case, advised a counselor from Gateway Family Specialist that Matthew Ayers had touched her on her privates and that her mother was present when this occurred. The victim also stated that she asked Matthew Ayers to stop, but, he didn't stop and her mother, who was present, didn't make him stop.

The victim in the case was confirmed by birth certificate to be born on October 29, 2004. All of the images were made with either Patricia Ayers's cell phone of a camera located in the residence, neither of which were manufactured in the United States. In addition, all of the images were produced within the Northern District of Alabama.

## **STANDARD OF REVIEW**

For all issues as it relates to the trial court's findings of facts under the sentencing guideline, the standard of review is clearly erroneous.

The Court must *de novo* all other claims made by the appellant.

## SUMMARY OF THE ARGUMENT

Counsel files with this Court a "no-merit" brief pursuant to the United States Supreme Court's decision of <u>Anders v. California,</u> 386 U.S. 738, 87 S.CT. 1396, 18 L.Ed. 2d 493(1967). Appellant counsel did so for the following reasons and will enunciate those in his summary of argument as well as his argument to be presented to this Court.

Ayers's plead guilty and was sentenced pursuant to the directives of the United States Sentencing Guidelines Although the Court has discretion in this matter, the Court after reviewing all the evidence concluded that there was no reason to vary or depart from the sentence called for by the United States Sentencing Guidelines and stated as much on the record.

As previously stated, the sentence imposed was within the statutory maximum allowed under the law and within the range recommended by the United States Sentencing Guidelines.

Based upon the above and foregoing counsel has filed a no-merit brief.

## ARGUMENT

At the time of his sentencing, Ayers though counsel sought concurrent a 45 year sentence. As previously stated, this is in direct contradiction to the United States Sentencing Guidelines. However, Ayers sought a variance and argued that concurrent sentences were appropriate in this case.

Ayers argument in sum, follows:

When fashioning a sentence for a defendant, the Court's "overarching" duty is to "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing." *Kimbrough v. United States,* 552 U.S. 85, 101 (2007). Courts are now allowed to disagree with the Guidelines, because, "the guidelines are now advisory." *Kimbrough,* 552 U.S. at 101-02.Courts are now allowed to disagree with the Guidelines based solely on policy considerations. *Kimbrough,* (citing *Rita v. United States,* 551 U.S. 338, 351 (2007)(stating that Courts may find the "guidelines sentence itself fails properly to reflect § 3553(a) considerations).

In *United States v. Dean*, the Eleventh Circuit confirmed the reasonableness of a 30 year statutory maximum sentence wherein the defendant was convicted of sexually abusing his stepdaughter for more than fifteen years and filming the abuse

8

to produce child pornography. 635 F.3d 1200, 1212 (11th Cir. 2011). See *United States v. Irey,* 612 F.3d 1160, 1166 (11th Cir. 2010)(where the court vacated a 210 month sentence and remanded with instructions to impose a sentence of 360 months on a defendant who raped, sodomized and sexually tortured more than fifty girls, some as young as four years of age over a four to five year period). *See also United States v. Kapordelis,* 569 F.3d 1291, 1319 (11th Cir. 2009)(wherein the Eleventh Circuit affirmed a month sentence for possessing, receiving, and producing child pornography). The fact of these cases are arguably far worse than that of Mr. Ayers and the sentences imposed in these cases, despite being completely sufficient to ensure that the defendants were never released into society but, not being greater than reasonably necessary to accomplish that goal. A sentence of 750 years for Mr. Ayers is arbitrary and is nothing more than an emotional response to his crimes. Further a 750 year sentence would do nothing more than in terms of just punishment than 45 years.

     However, after reviewing the case law sited in Ayers sentencing Memorandum along with voluminous other cases from the 11th Circuit Court of Appeal and the United States Supreme Court, counsel is now of the opinion that there is no legal basis for this Court to reverse the District Court's sentence in this case.

Therefore, counsel files with this Court a "no-merit" brief pursuant to the United States Supreme Court's decision of <u>Anders v. California,</u> 386 U.S. 738, 87 S.CT. 1396, 18 L.Ed. 2d 493(1967).  Appellant counsel did so for the following reasons and will enunciate those in his summary of argument as well as his argument to be presented to this Court.

Ayers's plead guilty and was sentenced pursuant to the directives of the United States Sentencing Guidelines Although the Court has discretion in this matter, the Court after reviewing all the evidence concluded that there was no reason to vary or depart from the sentence called for by the United States Sentencing Guidelines and stated as much on the record.

As previously stated, the sentence imposed was within the statutory maximum allowed under the law and within the range recommended by the United States Sentencing Guidelines.

Based upon the above and foregoing, counsel has filed a no-merit brief.

## **<u>CONCLUSION</u>**

After a thorough review of the record in this matter, counsel is filing his brief  with the opinion there is no-merit to this appeal.

## CERTIFICATE OF COMPLIANCE WITH
## F.R.A.P. RULE 32 (a)(7)(B) AND ©

I, W. Scott Brower, Attorney for the Defendant/Appellant in this case do hereby certify that this brief contains 2308 words and 405 lines of type. This certification is based on the document information file provided by my word processor.

                                          Respectfully Submitted,

                                          /s/ W. Scott Brower
                                          ASB-1249-w79w
                                          Attorney for the
                                          Defendant/Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Brief has this day been mailed, proper postage prepaid to Joyce Vance, United States Attorney, Northern District of Alabama, 1801 4th Ave. N. Birmingham, Alabama 35203 and Matthew David Ayers #00298396, Limestone Correctional Facility, 28779 Nick Davis Rd., Harvest, Alabama 35749, this the 4th day of May, 2015.

/s/ W. Scott Brower  
W. Scott Brower