**14-15040-F**


**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**


**MATTHEW DAVID AYERS**

**APPELLANT**

**VS.**

**UNITED STATES OF AMERICA**

**APPELLEE**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

**(DISTRICT COURT NO: 5:14-CR-117-LSC-SGC)**

_____

**RECORD APPENDIX**

**MATTHEW DAVID AYERS**

_____

W. Scott Brower
Attorney for Appellant
Brower Law Office
P.O. Box 130249
Birmingham, AL 35213
(205) 458-9889

# RECORD APPENDIX INDEX

Docket Sheet                                                          A

Indictment                                                           1

Plea Agreement                                                       19

Government's Sentencing Memorandum (Sealed)                          25

Defendant Sentencing Memorandum                                      27

Presentence Investigative Report        (Sealed)                     32

Judgment                                                             34

Notice of Appeal                                                     38

Transcript of Plea Hearing                                           50

Transcript of Sentencing Hearing                                     51

Certificate of Service                                               B

**A**

# U.S. District Court
# Northern District of Alabama (Northeastern)
# CRIMINAL DOCKET FOR CASE #: 5:14-cr-00117-LSC-SGC-2

Case title: USA v. Ayers et al

Date Filed: 04/30/2014
Date Terminated: 10/23/2014

---

Assigned to: Judge L Scott Coogler
Referred to: Magistrate Judge Staci G
Cornelius

Appeals court case number: 14-15040-F

### Defendant (2)

**Matthew David Ayers**
*TERMINATED: 10/23/2014*

represented by **W Scott Brower**
BROWER LAW OFFICE
2107 5th Avenue North, Suite 203
P O Box 130249
Birmingham, AL 35213
205-458-9889
Fax: 205-458-9892
Email: wscottbrower@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| Pending Counts | Disposition |
|---|---|
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (11) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec; |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (13) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (15) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (17) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (19) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| | TOTAL CBP 9,000 mos: 360 mos as to |

| | |
|---|---|
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (21) | ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (23) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (25) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (27) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (29) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (31) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (33) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (35) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (37) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (39) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (41) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (43) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (45) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (47) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (49) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |

| | |
|---|---|
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (51) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (53) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (55) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (57) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec |
| 18:2251(a)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (89) | TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec; SRT LIFE; No fine; AF $2500.00 |

### Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (12) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (14) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (16) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (18) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (20) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (22) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (24) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - |

| | |
|---|---|
| (26) | GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (28) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (30) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (32) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (34) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (36) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (38) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (40) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (42) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (44) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (46) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (48) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (50) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (52) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (54) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL | Govt's oral motion to dismiss EVEN |

| | |
|---|---|
| EXPLOITATION OF CHILDREN (56) | numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (58) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2251(b)and(e)and 2 SEXUAL EXPLOITATION OF CHILDREN (90) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |
| 18:2252A(a)(5)(B)and(b) (2)ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (107) | Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

| **Plaintiff** | | |
|---|---|---|
| USA | represented by | **Joyce White Vance, US Attorney**<br>US ATTORNEY'S OFFICE<br>1801 4th Avenue North<br>Birmingham, AL 35203-2101<br>244-2001<br>Email: usaaln.ecfusa@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |
| | | **US Probation**<br>UNITED STATES PROBATION OFFICE<br>Robert Vance Bldg.<br>1800 5th Avenue North<br>Birmingham, AL 35203<br>716-2900<br>Email: alnpdb_cmecf@alnp.uscourts.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |
| | | **USM**<br>UNITED STATES MARSHAL |

Hugo Black Courthouse, Room 240
1729 5th Avenue North
Birmingham, AL 35203
205-731-1712
Email: usms-aln-courts@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mary Stuart Burrell**
US ATTORNEY'S OFFICE
400 Meridian Street, Suite 304
Huntsville, AL 35801
256-534-8285
Fax: 256-539-3270
Email: mary.stuart.burrell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2014 | 1 | INDICTMENT<br><br>**<span style="color:red">Please file all subsequent documents using the <u>criminal</u> case number assigned to this indictment.</span>** as to Patricia Allana Ayers (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, Matthew David Ayers (2) count(s) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 89, 90, 107. (HBB, ) (Additional attachment(s) added on 5/2/2014: # 1 signed indictment (sealed)) (HBB, ). (Entered: 05/02/2014) |
| 05/02/2014 | | Set/Reset Hearings as to Patricia Allana Ayers, Matthew David Ayers: Arraignment set for 5/14/2014 10:00 AM in Federal Courthouse, Huntsville, AL before Magistrate-Judge Harwell G Davis III. (HBB, ) (Entered: 05/02/2014) |
| 05/05/2014 | 3 | Application for Writ of Habeas Corpus ad Prosequendum as to Matthew David Ayers (Burrell, Mary) (Entered: 05/05/2014) |
| 05/05/2014 | | Writ of Habeas Corpus ad Prosequendum Issued Lauderdale County Jail, Florence, AL as to Patricia Allana Ayers, Matthew David Ayers for Wednesday, 5/14/2014 @ 10:00 a.m. in Huntsville, AL (HBB, ) (Entered: 05/05/2014) |
| 05/12/2014 | | Attorney update in case as to Matthew David Ayers. Attorney W Scott Brower for Matthew David Ayers added as CJA counsel. (SHB, ) (Entered: 05/12/2014) |

| 05/12/2014 | 8 | NOTICE OF ATTORNEY APPEARANCE: W Scott Brower appearing for Matthew David Ayers (Brower, W) (Entered: 05/12/2014) |
|---|---|---|
| 05/13/2014 | 9 | SCHEDULING ORDER AND NOTICE as to Matthew David Ayers Signed by Magistrate Judge Staci G Cornelius on 5/13/14(CJV) (Entered: 05/13/2014) |
| 05/13/2014 | 10 | STANDING ORDER as to Matthew David Ayers Signed by Magistrate Judge Staci G Cornelius on 5/13/14(CJV) (Entered: 05/13/2014) |
| 05/13/2014 | 11 | RESPONSE to by USA as to Patricia Allana Ayers, Matthew David Ayers (Burrell, Mary) (Entered: 05/13/2014) |
| 05/14/2014 | | Minute Entry for proceedings held before Magistrate Judge Harwell G Davis, III:Initial Appearance and Arraignment as to Matthew David Ayers (2) Count 11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,32,33,34,35,36,37, 38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58,89,90,107 held on 5/14/2014; charges and rights explained; dft deemed eligible for court appt counsel; Scott Brower appt and present for dft; dft wvd rdg of indictment and entered plea of not guilty; bond not an issue as dft on writ; dft remanded to custody of USM pending disposition of case (Court Reporter C. Decker.) (SHB, ) (Entered: 05/14/2014) |
| 05/28/2014 | 13 | MOTION for Medical Exam by Matthew David Ayers. (Brower, W) (Entered: 05/28/2014) |
| 06/10/2014 | | Set as to Matthew David Ayers: Telephone Conference set for 6/11/2014 09:00 AM in Chambers Hugo L Black US Courthouse, Birmingham, AL before Magistrate Judge Staci G Cornelius(CJV) (Entered: 06/10/2014) |
| 06/11/2014 | 14 | MOTION to Withdraw Document 13 MOTION for Medical Exam by Matthew David Ayers. (Brower, W) (Entered: 06/11/2014) |
| 06/11/2014 | | Minute Entry for proceedings held before Magistrate Judge Staci G Cornelius:Tele Conf as to Matthew David Ayers held on 6/11/2014; dft will electronically file a detailed motion to wd #13 motion for med exam; conf adj;(Court Reporter Sabrina L.)(CJV) (Entered: 06/11/2014) |
| 06/11/2014 | 15 | ORDER withdrawing 13 Motion for Medical Exam as to Matthew David Ayers (2); granting 14 Motion to Withdraw #13 motion as to Matthew David Ayers (2)Signed by Magistrate Judge Staci G Cornelius on 6/11/14(CJV) (Entered: 06/11/2014) |
| 06/11/2014 | | **NOTICE OF HEARING** as to **MATTHEW DAVID AYERS: Change of Plea Hearing set for Thursday, 6/26/2014, at 11:00 AM**, CR 5B, Hugo L Black US Courthouse, Birmingham, AL before Judge L Scott Coogler. (YMB) (Entered: 06/11/2014) |
| 06/26/2014 | | Minute Entry for proceedings held before Judge L Scott Coogler:**Change of Plea Hearing as to Matthew David Ayers held on 6/26/2014**. Guilty Plea entered by Matthew David Ayers (2) as to Cts 11,13,15,17,19,21,23,25,27,29,31,33,35,37,39,41,43,45,47,49,51,53,55,57, and 89; dft consented to pay restitution and to an order of forfeiture as noted in the plea agreement; Govt will move to dismiss all remaining cts as to this dft at sentencing. Court accepted plea and adjudged dft guilty as charged in the aforementioned Cts of the Indictment. Dft remanded to custody of USM pending sentencing hearing. (Court Reporter Lindy Fuller.) (YMB) (Entered: 06/27/2014) |

| 06/26/2014 | 18 | GUILTY PLEA ADVICE OF RIGHTS CERTIFICATION by Matthew David Ayers. (YMB) (Entered: 06/27/2014) |
|---|---|---|
| 06/26/2014 | 19 | PLEA AGREEMENT as to Matthew David Ayers. (YMB) (Entered: 06/27/2014) |
| 06/27/2014 | 21 | ORDER as to Matthew David Ayers **Sentencing set for Wednesday, 10/22/2014, at 9:30 AM**, 2nd Floor District Courtroom, Federal Building, Tuscaloosa, AL before Judge L Scott Coogler. Signed by Judge L Scott Coogler on 6/27/14. (YMB) (Entered: 06/27/2014) |
| 10/20/2014 | 23 | MOTION to Seal Document by USA as to Matthew David Ayers. (Burrell, Mary) (Entered: 10/20/2014) |
| 10/20/2014 |  | ORDER GRANTING 22 and 23 Motions to Seal Documents as to Patricia Allana Ayers and Matthew David Ayers. Signed by Judge L Scott Coogler on 10/20/14. (YMB) (Entered: 10/20/2014) |
| 10/20/2014 | 25 | Sealed Document as to Matthew David Ayers. (YMB) (Entered: 10/20/2014) |
| 10/21/2014 | 27 | SENTENCING MEMORANDUM by Matthew David Ayers (Brower, W) (Entered: 10/21/2014) |
| 10/22/2014 |  | Minute Entry for proceedings held before Judge L Scott Coogler:**Sentencing held on 10/22/2014 for Matthew David Ayers (2)**. Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED. Govt's oral motion to w/d forfeiture - GRANTED. GX1 admitted into evidence UNDER SEAL. SENTENCE: **TOTAL CBP 9,000 mos**: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec; SRT LIFE w/spec conds: Sex Offender conds; No fine; AF $2500.00 due immediately. Dft remanded to custody of USM. (Court Reporter Lindy Fuller.) (YMB) (Entered: 10/23/2014) |
| 10/23/2014 | 32 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Matthew David Ayers filed w/USP (HBB, ) (SMH2, ). (Entered: 10/23/2014) |
| 10/23/2014 | 33 | Sentencing Recommendations (Sealed) as to Matthew David Ayers filed w/USP (HBB, ) (SMH2, ). (Entered: 10/23/2014) |
| 10/23/2014 | 34 | JUDGMENT as to Matthew David Ayers (2), Govt's oral motion to dismiss EVEN numbered cts 12-58, ct 90, and ct 107 - GRANTED on the record at sentencing; TOTAL CBP 9,000 mos: 360 mos as to ODD numbered cts 11-57 and 89, sep/consec; SRT LIFE; No fine; AF $2500.00. Signed by Judge L Scott Coogler on 10/23/2014. (HBB, ) (Entered: 10/23/2014) |
| 10/23/2014 | 35 | SOR - Sealed Document as to Dft 2, Matthew David Ayers (HBB, ) (Entered: 10/23/2014) |
| 10/29/2014 | 36 | Writ of Habeas Corpus ad Prosequendum (issued 5/5/14) Returned Executed as to Matthew David Ayers on 10/29/14. Dft del to Lauderdale Co. Jail. (SMH2, ) (Entered: 11/03/2014) |
| 11/05/2014 | 38 | NOTICE OF APPEAL by Matthew David Ayers (Brower, W) (Entered: 11/05/2014) |
| 11/05/2014 | 40 | Transmittal Letter as to Matthew David Ayers re 38 Notice of Appeal - Final Judgment (HBB, ) (Entered: 11/05/2014) |

USCA11 Case: 14-15040     Document: 13     Date Filed: 05/08/2015     Page: 12 of 204

| | | |
|---|---|---|
| 11/05/2014 | [41](#) | Transmission of Notice of Appeal and Docket Sheet as to Matthew David Ayers to US Court of Appeals re [38](#) Notice of Appeal - Final Judgment (HBB, ) (Entered: 11/05/2014) |
| 11/14/2014 | | USCA Case Number as to Matthew David Ayers 14-15040-F for [38](#) Notice of Appeal - Final Judgment filed by Matthew David Ayers. (HBB, ) (Entered: 11/14/2014) |
| 11/18/2014 | [47](#) | TRANSCRIPT REQUEST Part I filed by atty S Brower as to dft Matthew David Ayers for Plea Hearing held on 6/26/2014; for Sentencing hearing held on 10/22/2014 both hrgs both Judge Coogler (DWC, ) cm J Musso, crtrptr L Fuller (Entered: 11/19/2014) |
| 03/16/2015 | [50](#) | Transcript filed as to Matthew David Ayers for dates of 6/26/2014 Plea Hearing before Judge Coogler, re [38](#) Notice of Appeal - Final Judgment Court Reporter/Transcriber L. Fuller. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <span style="color:red">NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days.</span> a copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf See Transcript Redaction Policy Redaction Request due 4/6/2015. Redacted Transcript Deadline set for 4/16/2015. Release of Transcript Restriction set for 6/14/2015. (Attachments: # [1](#) signature page)(21 pages)(HBB, ) (Entered: 03/16/2015) |
| 03/16/2015 | [51](#) | Transcript filed as to Matthew David Ayers for dates of 10/22/2014 Sentencing Hearing before Judge Coogler, re [38](#) Notice of Appeal - Final Judgment Court Reporter/Transcriber L. Fuller. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. <span style="color:red">NOTICE: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days.</span> a copy can be obtained at http://www.alnd.uscourts.gov/local/court%20forms/transcripts/Transcript%20Redaction%20Policy.pdf See Transcript Redaction Policy Redaction Request due 4/6/2015. Redacted Transcript Deadline set for 4/16/2015. Release of Transcript Restriction set for 6/14/2015. (Attachments: # [1](#) signature page)(15 pages)(HBB, ) (Entered: 03/16/2015) |
| 03/16/2015 | | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Alabama certifies that the record is complete for purposes of this appeal re: [38](#) Notice of Appeal - Final Judgment, as to Dft #2, Matthew Ayers, Appeal No. 14-15040-FF. The entire record on appeal is available electronically, (HBB, ) (Entered: 03/16/2015) |

## PACER Service Center

USCA11 Case: 14-15040　　　Document: 13　　　Date Filed: 05/08/2015　　　Page: 13 of 204

| Transaction Receipt | | | |
|---|---|---|---|
| 05/06/2015 10:17:51 | | | |
| **PACER Login:** | nb0074:2605481:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-cr-00117-LSC-SGC |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

**1**

FILED
2014-May-02  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

JWV/MSB: MAY 2014
GJ#22

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## NORTHEASTERN DIVISION

UNITED STATES OF AMERICA )
)
        v. )
)
PATRICIA ALLANA AYERS and )
MATTHEW DAVID AYERS )

## INDICTMENT

**COUNT ONE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the

Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section

2256(2)(A), for the purpose of producing a visual depiction of such conduct, as

defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number

6119330, and that the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of

1

interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT TWO: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119330, and that the defendant knew and had reason to know that such visual depiction would be transported and

2

transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## **COUNT THREE:** (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### **PATRICIA ALLANA AYERS**,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119331, and that the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT FOUR: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119331, and that the defendant

4

knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## <u>COUNT FIVE</u>: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number

6119332, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIX: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 6119332, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SEVEN: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as

defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119333, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHT: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119333, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT NINE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section

2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6119334, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

**COUNT TEN: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 31st day of March 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6119334, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT ELEVEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

11

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 153065, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT TWELVE: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 153065, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT THIRTEEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842008, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FOURTEEN: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

14

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842008, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTEEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842009, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT SIXTEEN: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

16

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842009, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT SEVENTEEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

17

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842010, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT EIGHTEEN: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P., to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842010, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT NINETEEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842011, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

20

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842011, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842012, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

22

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842012, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT TWENTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842013, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT TWENTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842013, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT TWENTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

25

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842014, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842014, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT TWENTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842015, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT TWENTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

28

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842015, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT TWENTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

29

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842016, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

30

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842016, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842017, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842017, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT THIRTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842019, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT THIRTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842019, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT THIRTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842020, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT THIRTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842020, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT THIRTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842021, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT THIRTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842021, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT THIRTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18 United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842024, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842024, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842025, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY-TWO: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842025, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT FORTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

43

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842028, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FORTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

44

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842028, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842029, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT FORTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 3842029, and that the defendants

knew and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a cellular telephone, and in and affecting interstate and foreign

commerce, and that said visual depiction was produced and transmitted using

materials that have been mailed, shipped, and transported in interstate and foreign

commerce by any means, including by computer, to wit: a cellular telephone, and

that such visual depiction has actually been transported and transmitted using any

means and facility of interstate and foreign commerce, and in and affecting

interstate and foreign commerce, to wit: the internet and a cellular telephone, in

violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FORTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the

Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842032, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT FORTY-EIGHT: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

48

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842032, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT FORTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842033, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY: (18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842033, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

**COUNT FIFTY-ONE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842034, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY-TWO**: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842034, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT FIFTY-THREE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842037, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT FIFTY-FOUR: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

54

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842037, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT FIFTY-FIVE: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 3842038, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT FIFTY-SIX: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 3rd day of July 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 3842038, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT FIFTY-SEVEN: (18 U.S.C. § 2251(a) and (e) and 2)

The Grand Jury charges that:

On or about the 31st day of May 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 6056905, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

**COUNT FIFTY-EIGHT:** **(18 U.S.C. § 2251(b) and (e) and 2)**

The Grand Jury charges that:

On or about the 31st  day of May 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

each being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 6056905, and that the defendants knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT FIFTY-NINE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 26th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1061, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIXTY: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 26th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

60

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1061, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SIXTY-ONE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1065, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIXTY-TWO: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 1065, and that the defendant knew

and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a camera, and in and affecting interstate and foreign commerce,

and that said visual depiction was produced and transmitted using materials that

have been mailed, shipped, and transported in interstate and foreign commerce by

any means, including by computer, to wit: a camera, and that such visual depiction

has actually been transported and transmitted using any means and facility of

interstate and foreign commerce, and in and affecting interstate and foreign

commerce, to wit: the internet and a camera, in violation of Title 18, United States

Code, Section 2251(b).

## COUNT SIXTY-THREE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the

Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1066, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIXTY-FOUR: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the

Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 1066, and that the defendant knew

and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a camera, and in and affecting interstate and foreign commerce,

and that said visual depiction was produced and transmitted using materials that

have been mailed, shipped, and transported in interstate and foreign commerce by

any means, including by computer, to wit: a camera, and that such visual depiction

has actually been transported and transmitted using any means and facility of

interstate and foreign commerce, and in and affecting interstate and foreign

commerce, to wit: the internet and a camera, in violation of Title 18, United States

Code, Section 2251(b).

## COUNT SIXTY-FIVE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the

Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1067, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIXTY-SIX: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1067, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SIXTY-SEVEN: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1069, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SIXTY-EIGHT: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1069, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

**COUNT SIXTY-NINE: (18 U.S.C. § 2251(a))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1070, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

70

**COUNT SEVENTY: (18 U.S.C. § 2251(b))**

The Grand Jury charges that:

On or about the 28th day of July 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

**PATRICIA ALLANA AYERS**,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1070, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SEVENTY-ONE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1072, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section

2251(a).

## COUNT SEVENTY-TWO: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1072, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States

Code, Section 2251(b).

## COUNT SEVENTY-THREE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1073, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the

internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SEVENTY-FOUR: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1073, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign

commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SEVENTY-FIVE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1074, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign

commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SEVENTY-SIX: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 3rd day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1074, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of

interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SEVENTY-SEVEN: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1078, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been

78

transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT SEVENTY-EIGHT: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1078, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction

has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT SEVENTY-NINE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1079, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by

computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHTY: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1079, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by

any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT EIGHTY-ONE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1080, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and

transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHTY-TWO: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1080, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that

have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT EIGHTY-THREE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1081, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was

produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHTY-FOUR: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1081, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and affecting interstate and foreign commerce,

and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT EIGHTY-FIVE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1082, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a camera, and in and

affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHTY-SIX: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 4th day of August 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1082, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit:

87

the internet and a camera, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a camera, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a camera, in violation of Title 18, United States Code, Section 2251(b).

## COUNT EIGHTY-SEVEN: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 6th day of January 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1086, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of

interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT EIGHTY-EIGHT: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 6th day of January 2011, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1086, and that the defendant knew and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

**COUNT EIGHTY-NINE: (18 U.S.C. § 2251(a) and (e) and 2)**

The Grand Jury charges that:

On or about the 2nd day of June 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and**
**MATTHEW DAVID AYERS,**

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1089, and that the defendants knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: a cellular telephone, in violation of Title 18, United States Code, Section 2251(a) and (e) and 2.

## COUNT NINETY: (18 U.S.C. § 2251(b) and (e) and 2)

The Grand Jury charges that:

On or about the 2nd day of June 2011, in Lauderdale County, within the Northern District of Alabama, the defendants,

### PATRICIA ALLANA AYERS and
### MATTHEW DAVID AYERS,

each being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1089, and that the defendants knew and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b) and (e) and 2.

## COUNT NINETY-ONE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number

1100, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT NINETY-TWO: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1100, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT NINETY-THREE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1101, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT NINETY-FOUR: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 1101, and that the defendant knew

and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a cellular telephone, and in and affecting interstate and foreign

commerce, and that said visual depiction was produced and transmitted using

materials that have been mailed, shipped, and transported in interstate and foreign

commerce by any means, including by computer, to wit: a cellular telephone, and

that such visual depiction has actually been transported and transmitted using any

means and facility of interstate and foreign commerce, and in and affecting

interstate and foreign commerce, to wit: the internet and a cellular telephone, in

violation of Title 18, United States Code, Section 2251(b).

## COUNT NINETY-FIVE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of

said date being unknown to the Grand Jury, in Lauderdale County, within the

Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1102, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT NINETY-SIX: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1102, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT NINETY-SEVEN: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1103, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code,

Section 2251(a).

## COUNT NINETY-EIGHT: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1103, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting

interstate and foreign commerce, to wit: the internet and a cellular telephone, in

violation of Title 18, United States Code, Section 2251(b).

## COUNT NINETY-NINE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of

said date being unknown to the Grand Jury, in Lauderdale County, within the

Northern District of Alabama, the defendant,

## PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in

sexually explicit conduct, as defined in Title 18, United States Code, Section

2256(2)(A), for the purpose of producing a visual depiction of such conduct, as

defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number

1104, and that the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of

interstate and foreign commerce, to wit: the internet and a cellular telephone, and

in and affecting interstate and foreign commerce, and that said visual depiction was

produced and transmitted using materials that have been mailed, shipped, and

transported in interstate and foreign commerce by any means, including by

computer, to wit: a cellular telephone, and that such visual depiction has actually

been transported and transmitted using any means and facility of interstate and

foreign commerce, and in and affecting interstate and foreign commerce, to wit:

the internet and a cellular telephone, in violation of Title 18, United States Code,

Section 2251(a).

## COUNT ONE HUNDRED: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of

said date being unknown to the Grand Jury, in Lauderdale County, within the

Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did

knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 1104, and that the defendant knew

and had reason to know that such visual depiction would be transported and

transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a cellular telephone, and in and affecting interstate and foreign

commerce, and that said visual depiction was produced and transmitted using

materials that have been mailed, shipped, and transported in interstate and foreign

commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT ONE HUNDRED AND ONE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1108, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was

produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT ONE HUNDRED AND TWO: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1108, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit:

the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT ONE HUNDRED AND THREE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1109, and that the defendant knew and had reason to know that such visual

depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT ONE HUNDRED AND FOUR: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual

depiction of such conduct, to wit: Item Number 1109, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT ONE HUNDRED AND FIVE: (18 U.S.C. § 2251(a))

The Grand Jury charges that:

On or about the 23rd day of November 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

did employ, use, persuade, induce, entice, and coerce S.F.P., a minor, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, as

defined in Title 18, United States Code, Section 2256(8)(A), to wit: Item Number 1122, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(a).

## COUNT ONE HUNDRED AND SIX: (18 U.S.C. § 2251(b))

The Grand Jury charges that:

On or about the 23rd day of November 2010, in Lauderdale County, within the Northern District of Alabama, the defendant,

### PATRICIA ALLANA AYERS,

being a parent, legal guardian, or person having control of S.F.P., a minor, did knowingly permit S.F.P. to engage in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, to wit: Item Number 1122, and that the defendant knew and had reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, to wit: the internet and a cellular telephone, and in and affecting interstate and foreign commerce, and that said visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, to wit: a cellular telephone, and that such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, to wit: the internet and a cellular telephone, in violation of Title 18, United States Code, Section 2251(b).

## COUNT ONE HUNDRED AND SEVEN:   (18 U.S.C. § 2252A(a)(5)(B) and (b)(2))

The Grand Jury charges that:

On or before the 3rd day of January 2013, a further and better description of said date being unknown to the Grand Jury, in Lauderdale County, within the Northern District of Alabama, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

did knowingly possess and access with intent to view material that contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that has been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, to wit: the internet, a camera and a cellular telephone,  and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: a camera and a cellular telephone, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## NOTICE OF FORFEITURE
### [18 U.S.C. § 2253(a)]

As a result of the foregoing offenses alleged in COUNTS ONE THROUGH ONE HUNDRED AND SEVEN of this Indictment, the defendants,

**PATRICIA ALLANA AYERS and
MATTHEW DAVID AYERS,**

shall forfeit to the United States:

(a) any visual depiction described in Title 18, United States Code, Sections 2251, 2252, 2252A, or any book, magazine, periodical, film, videotape, computer disk, thumb drive, flash drive, or other matter which contains any such visual

depiction, which was produced, transported, mailed, shipped, and received in violation of Chapter 110 of the United States Code, and any property, real or personal, used and intended to be used to commit and to promote the commission of such offenses, including but not limited to:

1) one (1) Samsung cellular telephone;

2) one (1) Cannon camera; and

3) one (1) Acer laptop computer.

A TRUE BILL

*/s/ electronic signature*

FOREPERSON OF THE GRAND JURY

                    JOYCE WHITE VANCE
                    United States Attorney


                    */s/ electronic signature*
                    MARY STUART BURRELL
                    Assistant United States Attorney

**19**

FILED
2014 Jun-27  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### NORTHEASTERN DIVISION

**FILED**

**JUN 26 2014**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **5:14-cr-117-LSC-SGC** |
| | ) | |
| **MATTHEW DAVID AYERS** | ) | |

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **Counts 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57 and 89** of the Indictment filed in the above numbered and captioned matter; (ii) pay restitution as recommended by the Government and (iii) consent to an order of forfeiture. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss the remaining counts as to this defendant only and recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

Defendant's Initials _____

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may
be imposed for the crime of Production of Child Pornography, in violation of Title
18, United States Code, Section 2251 (a), as charged in Counts 11, 13, 15, 17, 19,
21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57 and 89, is:

      a.     Imprisonment for not less than 15 years and up to 30 years for each count;

      b.     A fine of not more than $250,000, or,

      c.     Both (a and b);

      d.     Supervised release of no less than 5 years and up to life; and

      e.     Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at
the trial of this case:

The Government is prepared to prove, at a minimum, the following facts at
the trial of this case:

Defendant's Initials _MM_

12/01/2012  Sean Patrick Fannon and Carinn Seabolt arranged a meeting with Patricia and Matthew Ayers after Fannon spoke with Patricia Ayers on www.okcupid.com. All four visited in the Ayers's residence where Fannon and Seabolt were introduced to the children living in the home, to include the victim. The children were put to bed and the four adults went to the Ayers's bedroom and engaged in intimate activity.

12/08/2012  The Ayers family visited Fannon and Seabolt at their residence in Toney, Alabama. Fannon described the visit as a meet and greet. Patricia Ayers attempted to provide Fannon with some intimate pictures of herself and Matthew Ayers with a thumb drive, but the thumb drive did not function. Ayers promised to bring her computer the next time the couples got together.

12/14/2012  The Ayers's family was invited to spend the weekend with Fannon and Seabolt at their residence. During the visit, Fannon provided digital files of pictures of he and Seabolt to Patricia Ayers, who in turn provided digital images to Fannon of what she said were images of her and Matthew Ayers. Fannon believed that they were exchanging images of adults engaged in intimate behavior. The exchange of files occurred over Fannon's wireless system.

12/22/2012  Fannon was in Chatanooga, Tennessee, when he first opened the files provided to him by Patricia Ayers. While viewing the pictures he saw pornographic images of the victim and immediately closed the files and contacted Seabolt to explain what he had seen. During the conversation both agreed that Fannon should immediately contact law enforcement in order to ensure the safety of the children living in the Ayers residence. Fannon attempted contact with the Lauderdale County Sheriff's Department and the Lauderdale County Department of Human Resources, but was referred to the Madison County Sheriff's Department.

Defendant's Initials _MA_

12/24/2012 Upon his return from Tennessee, Fannon met with Madison County Deputy Koch and advised the deputy of the above. Fannon turned over his computer and signed a consent to search form for his computer. Deputy Koch confirmed the child pornography and contacted Sergeant Shaw, also of the Madison County Sheriff's Office.

12/28/2012 Sgt. Shaw and ABI Forensic Agent Joey Hughes reviewed Fannon's computer and retrieved five images of child pornography.

01/02/2013 Sgt. Shaw made contact with Inv. Richard Richey of the Lauderdale County Sheriff's Office to explain the situation.

01/03/2013 Inv. Richey served a search warrant at the Ayers's residence, located at 1801 County Road 298 in Florence, Alabama. Computers, cell phones, cameras and electronic storage media devices were seized. Both Ayers were present. Patricia Ayers was transported back to the Sheriff's Department where, after waiving Miranda, admitted to taking the images of the victim. She claimed that the images were taken for the purpose of documenting a rash. Patricia Ayers was subsequently arrested.

01/08/2013 The assistance of the FBI was requested by local authorities.

01/10/2013 ABI Forensic Agent Ken Rager, during a review of the computer items, located images depicting the victim and Matthew Ayers engaged in sexual acts. Matthew Ayers was subsequently arrested.

01/11/2013 Another local search warrant was served at the Ayers residence to locate and document items seen in identified images of child pornography suspected of being produced in the Ayers residence.

01/12/2013 An address previously occupied by the Ayers at 21856 County Road 8 in Florence, Alabama, was located and the present owners consented to law enforcement documentation of

Defendant's Initials _MA_

wallpaper in the residence. This wallpaper was seen in some of the identified images of child pornography.

02/07/2013   All electronic/computer evidence seized during the search warrants was turned over to the FBI for review.

02/27/2013   A federal defendant named Charles Smolens was interviewed regarding a separate and seemingly unrelated child pornography case in Dallas, Texas, by SA Chris Thompson of the FBI. Smolens admitted to receiving and possessing images of child pornography and claimed that those images were sent to him by Patricia Ayers over his Yahoo e-mail account. SA Thompson linked to the open Birmingham case targeting Patricia Ayers and contacted SA Pat Stokes, who was investigating the Ayers in Alabama. It was discovered that the cases were connected. During an interview, Smolens described an ongoing online relationship with Patricia Ayers beginning in 2009 and ending in 2011. During that period, Ayers sent numerous pornographic images of the child victim to him via e-mail. The images contained depictions of the victim in lewd and lascivious poses, and of the victim and both Patricia and Matthew Ayers engaged in sexual acts together. Smolens denied ever meeting the child victim. Smolens did advise that Ayers flew to Texas and that he and Ayers had sex. A review of the email exchanges between Smolens and Ayers revealed that Ayers intended to take the child victim with her on her next trip to Texas so that Smolens could have sexual contact with the child.

08/05/2013   Auburn Shukla, a court appointed special advocate for the family court, interviewed Patricia Ayers regarding the victim. During the interviews, Patricia Ayers advised that all pictures of the victim and sexual activity with the victim were done at the request of a man in Texas. Ayers told Shukla that she had specific rules regarding sexual activity between her, Matthew and the victim. The rules were no penetration and that everything was with the consent of the victim. (The images are not consistent with these "rules.")

Defendant's Initials *MA*

08/12/2013  Alyssa Farris, Gateway Family Specialist, spoke with the victim who advised that Matthew had touched her privates and that her mother was present when it occurred.  The victim also told Farris that she had asked Matthew to stop, but he did not stop and her mother, who was present, did not make Matthew stop.

08/22/2013  Received a certified certificate of birth for the victim showing a date of birth of 10/29/2004.

04/07/2013  It was determined that all of the images were made with either Patricia Ayers's cellular telephone or with a camera found at the home. Neither the phone nor the camera were manufactured in the United States.  All of the images were produced in the Northern District of Alabama in Lauderdale County.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.   The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

MATTHEW DAVID AYERS

## III. <u>RECOMMENDED SENTENCE</u>

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend

Defendant's Initials

the following disposition:

(a) The government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for the defendant's conduct. The government may oppose *any* adjustment for acceptance of responsibility if the defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the defendant's involvement in the offense; (iv) is untruthful with the Court, the government, or the United States Probation Officer; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(b) The government will recommend that the defendant be remanded to

Defendant's Initials *MA*

the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing Guideline range as that is determined by the Court on the date that the sentence is pronounced, and after both parties have had full right of allocution.

(c) The government will recommend, that following the recommended term of imprisonment, the defendant be placed on supervised release for a period up to Life, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

i.  That the defendant be required to register as a sex offender for the full term of the defendant's supervised release, or for the full term provided for under the law of the jurisdiction the defendant chooses as the defendant's domicile, whichever is longer.

ii. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer; this includes prohibiting the defendant from having any contact with any child by telephone or the internet. The defendant shall immediately report any

Defendant's Initials

unauthorized contact with minor-aged children to the Probation Officer;

iii.   That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

iv.   That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.   The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

v.   That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school.   The

Defendant's Initials _VJH_

defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

vi. That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's

Defendant's Initials

computer usage, if directed by the Probation Officer.

(d) The government will recommend that the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) The government will recommend that the defendant pay a special assessment fee of $2500, said amount due and owing as of the date sentence is pronounced; and,

(f) Should the government learn that the defendant has sexually abused or assaulted any minor (other than the minor victim in this case), or committed any other crime of violence or if any new victim should come forward prior to the defendant's sentencing, this agreement will be considered null and void.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I,**

**MATTHEW DAVID AYERS, hereby waive and give up my right to appeal**

Defendant's Initials *MA*

my conviction and/or sentence in this case, as well as any fines, restitution,
and forfeiture orders, the court might impose.   Further, I waive and give up
the right to challenge my conviction and/or sentence, any fines, restitution,
forfeiture orders  imposed or the manner in which my conviction and/or
sentence, any fines, restitution, and forfeiture orders were determined in any
post-conviction proceeding, including, but not limited to, a motion brought
under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-
conviction proceeding the following:

      (a)     Any sentence imposed in excess of the applicable statutory
             maximum sentence(s);

      (b)     Any sentence imposed in excess of the guideline sentencing
             range determined by the court at the time sentence is
             imposed; and

      (c)     Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the
defendant discussed the Federal Sentencing Guidelines and their application
to the defendant's case with the defendant's attorney, who explained them to
the defendant's satisfaction.  The defendant further acknowledges and

Defendant's Initials _____

understands that the government retains its right to appeal where authorized by statute.

I, MATTHEW DAVID AYERS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
MATTHEW DAVID AYERS

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

Defendant's Initials _____

## VI. **AGREEMENT NOT BINDING ON COURT**

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. **VOIDING OF AGREEMENT**

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. **SUBSEQUENT CONDUCT**

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or**

Defendant's Initials _MA_

**should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

## IX. <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will

Defendant's Initials *MA*

be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials 

## XII.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XIII.  DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of

Defendant's Initials _____

twenty (20) pages. I have discussed the case and my constitutional and other rights

with my lawyer. I am satisfied with my lawyer's representation in this case. I

understand that by pleading guilty, I will be waiving and giving up my right to

continue to plead not guilty, to a trial by jury, to the assistance of counsel at that

trial, to confront, cross-examine, or compel the attendance of witnesses, to present

evidence in my behalf, to maintain my privilege against self-incrimination, and to

the presumption of innocence. I agree to enter my plea as indicated above on the

terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN
MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE,
NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO
INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within

the past 48 hours except as stated here: HCTZ (water pill) Lisinopril

I understand that this Plea Agreement will take effect and will be binding as

to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

Agreement and have signed the signature line below to indicate that I have read,

understand, and approve all of the provisions of this Agreement, both individually

Defendant's Initials _____

and as a total binding agreement.

6/24/14
DATE

MATTHEW DAVID AYERS
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my

client of all of my client's rights and all possible defenses.  My client has conveyed

to me that my client understands this Agreement and consents to all its terms.  I

believe the plea and disposition set forth herein are appropriate under the

facts of this case and are in accord with my best judgment.  I concur in the entry of

the plea on the terms and conditions set forth herein.

6-24-14
DATE

W. SCOTT BROWER, ESQ.
Defendant's Counsel

Defendant's Initials

## XV. **GOVERNMENT'S ACKNOWLEDGMENT**

I have reviewed this matter and this Agreement and concur that the plea and

disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

6-26-2014
DATE

MARY STUART BURRELL
Assistant United States Attorney

Defendant's Initials _____

*25*

# Sealed Document

*27*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **Case No: 5:14-CR-117-LSC-SGC** |
| | ) | |
| | ) | |
| MATTHEW DAVID AYERS | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now, the Defendant, Matthew David Ayers, by and through counsel and submits this Sentencing Memorandum, with Sentence Recommendations, pursuant to 18 U.S.C § 3553(a)(2). Mr. Ayers submits that a 360 month sentence in Count 11 and a consecutive 180 month sentence in all remaining counts (for a total of 45 years) is "sufficient, but, not greater than necessary" to meet all sentencing mandates under the United Sates Code.

Mr. Ayers' Presentence Investigation Report correctly calculates his Offense Level as a 43, when combined with a criminal history category of I, produces a guideline offense level of life. However, the statutory maximum sentence allowed under the code is 30 years. The PSR cites U.S.S.G. § 5G1.2(b) and (d) which state, "if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed in one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." The sentence recommended by Probation in the PSR is far grater than the natural life of Mr. Ayers or any other person.

No version of the facts of this case, are supportive of leniency for Mr. Ayers. He has accepted responsibility for what he did to his stepdaughter. Further, he has repeatedly expressed not only remorse, but, disgust with his behavior. Mr. Ayers has stated to counsel numerous times that he can no longer relate to or comprehend what lead him to commit his crimes. Mr. Ayers

was lead into his crimes by his wife and co-defendant, Patricia Ayers. He does not blame her and is in no way pointing a finger at her to say it is all her fault. That would be inconstant with his acceptance of responsibility for his crimes and acknowledgment of his crimes. If Mr. Ayers is clear in one area, it is that he is responsible for his behavior and he is ready to except the consequences of his actions.

When fashioning a sentence for a defendant, the Court's "overarching" duty is to "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing." *Kimbrough v. United States,* 552 U.S. 85, 101 (2007). Courts are now allowed to disagree with the Guidelines, because, "the guidelines are now advisory." *Kimbrough,* 552 U.S. at 101-02.Courts are now allowed to disagree with the Guidelines based solely on policy considerations. *Kimbrough,* (citing *Rita v. United States,* 551 U.S. 338, 351 (2007)(stating that Courts may find the "guidelines sentence itself fails properly to reflect § 3553(a) considerations).

The United States Attorney's office in its Sentencing Memorandum cites several cases supporting the conclusion that a 750 year sentence for the Defendant would be consistent with other defendants sentenced in the Northern District of Alabama. However, those cases are not an exhaustive review of all similar cases in the Northern District. In *United States v. Dean*, the Eleventh Circuit confirmed the reasonableness of a 30 year statutory maximum sentence wherein the defendant was convicted of sexually abusing his stepdaughter for more than fifteen years and filming the abuse to produce child pornography. 635 F.3d 1200, 1212 (11th Cir. 2011). See *United States v. Irey,* 612 F.3d 1160, 1166 (11th Cir. 2010)(where the court vacated a 210 month sentence and remanded with instructions to impose a sentence of 360 months on a defendant who raped, sodomized and sexually tortured more than fifty girls, some as young as four years of age over a four to five year period). *See also United States v. Kapordelis,* 569 F.3d 1291, 1319 (11th Cir.

2009)(wherein the Eleventh Circuit affirmed a month sentence for possessing, receiving, and producing child pornography). The fact of these cases are arguably far worse than that of Mr. Ayers and the sentences imposed in these cases, despite being completely sufficient to ensure that the defendants were never released into society again while not being greater than reasonably necessary to accomplish that goal. A sentence of 750 years for Mr. Ayers is arbitrary and is nothing more than an emotional response to his crimes. Further a 750 year sentence would, aside from garnering headlines, do nothing more than in terms of just punishment than a 45 years.

**CONCLUSION**

Mr. Ayers is 43 year old in poor health. His numerous medical issues are more fully set out in his PSR. A thirty year sentence in Count 11, followed by a consecutive sentence of fifteen years for count 13, with all other counts receiving a fifteen year sentence to run concurrently with count 13, would effectively sentence Mr. Ayers to a life sentence and is "sufficient, but, not greater than necessary," to serve sentencing purposes under 18 U.S.C. 3553(a).

Respectfully submitted, this 21[th] day of October, 2014.

/s/ W. Scott Brower
W. Scott Brower
Asb-1249-w79w

OF COUNSEL:
Brower Law Office
P.O. Box 130249
Birmingham, Alabama 35213
(205) 458-9889

**CERTIFICATE OF SERVICE**

This is to certify that I have electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system and have sent notification to the correct parties.

/s/ W. Scott Brower
OF COUNSEL

**32**

**Sealed Document**

**34**

Case 5:14-cr-00117-LSC-SGC   Document 34   Filed 10/23/14   Page 1 of 5

USCA11 Case: 14-15040   Document: 13   Date Filed: 05/08/2015   Page: 157 of 204

FILED
2014 Oct-23  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

       v.                             Case Number  5:14-CR-117-LSC-SGC (002)

MATTHEW DAVID AYERS
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MATTHEW DAVID AYERS, was represented by W. Scott Brower.

On motion of the United States, the court has dismissed EVEN numbered counts 12 - 58, 90, and count 107.

The defendant pleaded guilty to **ODD** numbered counts 11 - 57, and 89.  Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | ODD Count Numbers |
|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Child Pornography | 11 - 57, and 89 |

As pronounced on October 22, 2014, the defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $2,500.00, for **ODD** numbered counts 11 - 57, and 89, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 23rd day of October, 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

123966

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:  MATTHEW DAVID AYERS
Case Number:  5:14-CR-117-LSC-SGC (002)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a **TOTAL TERM of 9,000 months.**  This sentence is comprised of 360 months as to each of the <u>ODD</u> numbered counts 11 - 57, and 89, separately, with each count to be served consecutively with the other.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____

_____, with a certified copy of this Judgment.

_____
United States Marshal

By  _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant:  MATTHEW DAVID AYERS
Case Number:   5:14-CR-117-LSC-SGC (002)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**.  The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a  community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant  does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 5

Defendant:  MATTHEW DAVID AYERS
Case Number:   5:14-CR-117-LSC-SGC (002)

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

(17)  Upon imposition of the special condition by the Court or upon a court order entered during the period of probation or supervision for good cause shown, the defendant shall be placed in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) based upon a history of drug or alcohol abuse, a positive urinalysis, or evidence of excessive use of alcohol. This program includes (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse; (b) a drug treatment program which includes education, individual or group counseling, or residential treatment, provided by the probation office or an approved vendor; (c) placement in a community corrections center (halfway house) for up to 270 days; and/or (d) home confinement subject to electronic monitoring for up to 180 days. Participation in the program shall be under the administrative supervision of the probation officer, and the defendant shall contribute to the costs of participation unless the probation officer determines that the defendant does not have the ability to do so.

(18)  The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

(19)  The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

(20)  If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

(21)  For a defendant convicted for the first time of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall attend a public, private, or private non-profit offender rehabilitation program approved by the court and under the administrative supervision of the probation office, if an approved program is available within a 50-mile radius of the defendant's legal residence.

(22)  For any defendant required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the terms of the Act under the administrative supervision of the probation officer. Specifically, the defendant, if convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation office, and shall register as a sex offender in any State where the defendant resides, is employed, carries on a vocation, or is a student.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 5

Defendant:  MATTHEW DAVID AYERS
Case Number:   5:14-CR-117-LSC-SGC (002)

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not have any unsupervised, one-to-one contact with any children under the age of 18 other than his own children.
2)   The defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of 18.
3)   The defendant shall allow the probation officer access to any photographs and/or video recordings he may possess.
4)   Pursuant to the Adam Walsh Child Protection Act of 2006, the defendant shall register as a sex offender not later than three (3) business days from release, if placed on supervised release,  or sentencing, if placed on probation.  The defendant shall keep the registration current in each jurisdiction in which he resides, is employed, or is a student.   The defendant shall, not later than three (3) business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information.  Failure to do so may not only be a violation of this condition but also may be a new federal offense punishable by up to ten (10) years imprisonment.
5)   The defendant, being a felon and being required to register under the Sex Offender Registration and Notification Act, shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.
6)   The defendant shall participate in an approved mental health treatment program specializing in sex offender treatment under the administrative supervision of the probation officer.  This program may include a psycho-sexual evaluation; family, group, and/or individual counseling; and psychological and clinical polygraph testing.  The results of the polygraph examinations may not be used as evidence in Court for the purpose of revocation of supervision, but may be considered in a hearing to modify conditions of release.  While participating in treatment, the defendant shall abide by all rules and requirements of the program.  The defendant shall contribute to the cost of treatment and polygraph testing unless the probation officer determines that the defendant does not have the ability to do so.

**38**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No: 5:14-CR-117-LSC-SGC** |
| | ) | |
| | ) | |
| **MATTHEW DAVID AYERS** | ) | |

## <u>NOTICE OF APPEAL</u>

Comes now the Defendant, MATTHEW DAVID AYERS in the above styled cause, and hereby gives notice of appeal of the Court's Judgment and Sentence dated October 23, 2014. The Defendant has previously been determined indigent.

Respectfully submitted, this 5th day of November, 2014.

<u>/s/ W. Scott Brower</u>
W. Scott Brower
Asb-1249-w79w

OF COUNSEL:
Brower Law Office
P.O. Box 130249
Birmingham, Alabama 35213
(205) 458-9889

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system and have sent notification to the correct parties.

/s/ W. Scott Brower
OF COUNSEL

**50**

Case 5:14-cr-00117-LSC-SGC   Document 50   Filed 03/16/15   Page 1 of 21
USCA11 Case: 14-15040   Document: 13   Date Filed: 05/08/2015   Page: 166 of 204
FILED
2016-Mar-16  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
 1                  UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
 2                   NORTHEASTERN DIVISION

 3   UNITED STATES OF AMERICA,         5:14-CR-117-LSC

 4          PLAINTIFF,                 JUNE 26, 2014

 5          V.                         TUSCALOOSA, AL

 6   MATTHEW DAVID AYERS,

 7          DEFENDANT.

 8   * * * * * * * * * * * *

 9             TRANSCRIPT OF GUILTY PLEA HEARING
          BEFORE THE HONORABLE L. SCOTT COOGLER,
10                  UNITED STATES DISTRICT JUDGE
     APPEARANCES:
11
     FOR THE UNITED STATES:
12
     MARY STUART BURRELL, ESQ.
13
     ASSISTANT UNITED STATES ATTORNEY
14
     HUNTSVILLE, ALABAMA
15

16
     FOR THE DEFENDANT:
17
     W. SCOTT BROWER, ESQ.
18
     ATTORNEY AT LAW
19
     BIRMINGHAM, ALABAMA
20

21
     COURT REPORTER:
22
     LINDY M. FULLER, RMR, CRR, CBC
23
     FEDERAL OFFICIAL COURT REPORTER
24
     BIRMINGHAM, ALABAMA
25
```

```
 1                    P R O C E E D I N G S

 2                      (IN OPEN COURT)

 3              THE COURT:  ALL RIGHT.  THIS IS UNITED

 4    STATES OF AMERICA V. MATTHEW DAVID AYERS, CASE

 5    NUMBER 2014-117.  WE ARE HERE FOR THE PURPOSE OF

 6    ALLOWING THE DEFENDANT TO ENTER A PLEA OF GUILTY,

 7    IF HE WANTS TO DO THAT.

 8              IS THE GOVERNMENT READY TO PROCEED?

 9              MS. BURRELL:  WE ARE, YOUR HONOR.

10              THE COURT:  DEFENSE READY TO PROCEED?

11              MR. BROWER:  YES, YOUR HONOR.

12              THE COURT:  MR. AYERS, I HAVE SET THIS

13    AS AN OPPORTUNITY FOR YOU TO PLEAD GUILTY, IF

14    THAT'S WHAT YOU DECIDE YOU WANT TO DO, BUT I AM

15    GOING TO HAVE SOME QUESTIONS FOR YOU.  I NEED TO

16    MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE DOING.

17    THAT IT'S YOUR FREE AND VOLUNTARY ACT.

18              DO YOU UNDERSTAND ME?

19              THE DEFENDANT:  YES, YOUR HONOR.

20              THE COURT:  OKAY.  YOU ARE GOING TO BE

21    PLACED UNDER OATH AND IF YOU DON'T PROVIDE ME THE

22    TRUTH, YOU COULD BE CHARGED WITH PERJURY AS AN

23    ADDITIONAL OFFENSE.

24              DO YOU UNDERSTAND ME?

25              THE DEFENDANT:  YES, SIR.
```

```
 1              THE COURT:  STAND UP, PLEASE, AND TAKE
 2    THIS OATH.
 3                   (DEFENDANT DULY SWORN)
 4              THE COURT:  TELL ME YOUR FULL NAME.
 5              THE DEFENDANT:  MATTHEW DAVID AYERS.
 6              THE COURT:  WHAT'S YOUR DATE OF BIRTH?
 7              THE DEFENDANT:  7-31-1971.
 8              THE COURT:  AND HOW FAR DID YOU GET IN
 9    SCHOOL?
10              THE DEFENDANT:  I MADE THROUGH SOME
11    COLLEGE BUT NOT COMPLETELY.
12              THE COURT:  SO YOU CAN READ AND
13    UNDERSTAND THE ENGLISH LANGUAGE?
14              THE DEFENDANT:  YES, SIR.
15              THE COURT:  YOU HAVE ENCOUNTERED
16    VARIOUS DOCUMENTS IN THIS CASE.  HAVE YOU BEEN
17    ABLE TO READ THEM?
18              THE DEFENDANT:  YES, SIR.
19              THE COURT:  HAVE YOU BEEN ABLE TO
20    UNDERSTAND THEM?
21              THE DEFENDANT:  YES, SIR.
22              THE COURT:  LET'S TALK ABOUT YOUR
23    LAWYER, WHO IS SITTING RIGHT THERE BESIDE YOU.
24    HOW HAS HE DONE AS FAR AS ATTORNEY GOES?
25              THE DEFENDANT:  I AM COMPLETELY
```

1    SATISFIED WITH EVERYTHING HE HAS DONE.

2              THE COURT:  HAS HE BEEN ABLE TO EXPLAIN

3    THE DOCUMENTS YOU HAVE ENCOUNTERED, FOR INSTANCE?

4              THE DEFENDANT:  YES, SIR.

5              THE COURT:  HAS HE SPENT WHAT YOU THINK

6    TO BE A SUFFICIENT AMOUNT OF TIME HELPING YOU WITH

7    YOUR CASE, TALKING TO YOU, INVESTIGATING THINGS?

8              THE DEFENDANT:  YES, SIR.

9              THE COURT:  ALL RIGHT.  THERE IS A

10   DOCUMENT THAT'S BEEN FILED WITH THE COURT AND IT'S

11   CALLED A GUILTY PLEA ADVICE OF RIGHTS

12   CERTIFICATION.  IT APPEARS TO HAVE YOUR INITIALS

13   ON ONE SIDE OF THE PAGE.  YOUR LAWYER IS SHOWING

14   YOU A COPY OF THAT.

15             DO YOU SEE THAT DOCUMENT?

16             THE DEFENDANT:  YES, SIR.

17             THE COURT:  AND HAVE YOU SEEN IT

18   BEFORE?

19             THE DEFENDANT:  YES, SIR.

20             THE COURT:  DID YOU READ IT?

21             THE DEFENDANT:  YES, SIR.

22             THE COURT:  AND IS THAT YOUR SIGNATURE

23   GOING DOWN ONE SIDE OF EACH PAGE?

24             THE DEFENDANT:  THE INITIALS?

25             THE COURT:  YES, I MEAN THE INITIALS.

```
 1                THE DEFENDANT:  YES, SIR.

 2                THE COURT:  AND IS THAT YOUR SIGNATURE

 3    ON THE LAST PAGE?

 4                MR. BROWER:  OUR COPY ACTUALLY DOES NOT

 5    HAVE A LAST PAGE, YOUR HONOR.

 6                THE COURT:  LET'S COME GET THIS,

 7    PLEASE, AND SHOW HIM.

 8                OUR COPIER PROBABLY ATE THE LAST PAGE.

 9                AND I WILL NEED THAT BACK WHEN YOU ARE

10    DONE.

11                THE DEFENDANT:  YES, SIR.  THAT'S MY

12    SIGNATURE.

13                THE COURT:  IS THAT YOUR SIGNATURE?

14                THE DEFENDANT:  YES, SIR.

15                THE COURT:  IN THE LAST 48 HOURS OR TWO

16    DAYS, HAVE YOU CONSUMED ANY ALCOHOLIC BEVERAGE?

17                THE DEFENDANT:  NO, SIR.

18                THE COURT:  IN THE LAST TWO DAYS, HAVE

19    YOU TAKEN ANY DRUGS, LEGAL OR ILLEGAL?

20                THE DEFENDANT:  I HAVE TAKEN

21    PRESCRIPTION DRUGS FOR HIGH BLOOD PRESSURE.

22                THE COURT:  AND HAVE YOU TAKEN THOSE

23    PRESCRIPTION DRUGS IN ACCORDANCE WITH THE

24    PRESCRIPTIONS?

25                THE DEFENDANT:  YES, SIR.
```

```
 1              THE COURT:  ARE YOU FEELING ANY

 2   NEGATIVE SIDE AFFECTS FROM EITHER THE MEDICATION

 3   OR THE CONDITION FOR WHICH YOU TAKE THAT

 4   MEDICATION?

 5              THE DEFENDANT:  NO, SIR.

 6              THE COURT:  ARE YOU SUFFERING FROM ANY

 7   MENTAL OR EMOTIONAL IMPAIRMENT OR PHYSICAL ILLNESS

 8   THAT MIGHT AFFECT YOUR ABILITY TO UNDERSTAND WHAT

 9   WE ARE DOING HERE TODAY?

10              THE DEFENDANT:  NO, SIR.

11              THE COURT:  DO YOU RECALL AN OCCASION

12   WHERE YOU APPEARED BEFORE A JUDGE, WE CALL IT AN

13   ARRAIGNMENT, AND THE JUDGE WOULD HAVE GIVEN YOU A

14   COPY OF YOUR INDICTMENT, THIS THICK DOCUMENT HERE,

15   AND WOULD HAVE ASKED YOU HOW YOU PLED AND YOU SAID

16   "I PLEAD NOT GUILTY" -- DO YOU REMEMBER THAT

17   HAPPENING?

18              THE DEFENDANT:  YES, SIR, ALTHOUGH I

19   DIDN'T GET THE DOCUMENT THAT DAY.

20              THE COURT:  ALL RIGHT.  DID IT GO TO

21   YOUR LAWYER, IS THAT WHAT YOU ARE SAYING?

22              THE DEFENDANT:  YES, SIR.

23              THE COURT:  AND DID YOUR ATTORNEY LATER

24   GIVE YOU A COPY OF IT?

25              THE DEFENDANT:  YES, SIR.
```

1              THE COURT:  DID YOU READ IT?

2              THE DEFENDANT:  YES, SIR.

3              THE COURT:  AND DID YOUR LAWYER EXPLAIN

4    THE CHARGES TO YOU THAT WERE CONTAINED IN THAT

5    DOCUMENT?

6              THE DEFENDANT:  YES, SIR.

7              THE COURT:  DO YOU UNDERSTAND WHAT YOU

8    ARE CHARGED WITH?

9              THE DEFENDANT:  YES, SIR.

10             THE COURT:  AT THAT TIME, YOU PLED NOT

11   GUILTY.  AND PLEADING NOT GUILTY MAKES SURE THAT

12   YOU WON'T BE CONVICTED OF ANYTHING UNLESS EITHER,

13   ONE, WE HAVE THIS TYPE OF PROCEEDING, GUILTY PLEA

14   PROCEEDING AND YOU PLEAD GUILTY AND I ACCEPT IT,

15   OR, TWO, WE HAVE A TRIAL AND A JURY OF YOUR PEERS

16   FINDS YOU GUILTY.

17             DO YOU UNDERSTAND THAT?

18             THE DEFENDANT:  YES, SIR.

19             THE COURT:  AND IF YOU DO ELECT TO GO

20   TO TRIAL, WHICH YOU CAN DO, WHEN I GET THROUGH

21   WITH EVERYTHING I AM GOING TO ASK YOU ABOUT -- THE

22   LAST THING I AM GOING TO BE ASKING YOU IS HOW DO

23   YOU PLEAD?  IF YOU TELL ME YOU PLEAD NOT GUILTY

24   WHEN I ASK YOU THAT AT THE END, THEN YOU WOULD

25   CONTINUE TO HAVE YOUR RIGHT TO GO TO TRIAL.  DO

1   YOU UNDERSTAND ME?

2          THE DEFENDANT: YES, SIR.

3          THE COURT: AND IF YOU DO GO TO TRIAL,

4   YOU WOULD HAVE THE RIGHT TO CONFRONT AND CROSS

5   EXAMINE ALL THE WITNESSES AGAINST YOU, YOU WOULD

6   HAVE THE RIGHT TO CALL YOUR OWN WITNESSES TO COME

7   TESTIFY IN YOUR BEHALF. DO YOU UNDERSTAND ALL

8   THAT?

9          THE DEFENDANT: YES, SIR.

10         THE COURT: YOU HAVE THE RIGHT TO TAKE

11  THE WITNESS STAND YOURSELF IF YOU WANT TO DO THAT

12  BUT YOU ARE THE ONE WHO MAKES THAT DECISION;

13  NOBODY ELSE MAKES THAT DECISION. YOU CAN TALK TO

14  YOUR COUSIN, TALK TO YOUR LAWYER, BUT IN THE END

15  YOU ARE GOING TO MAKE THAT DECISION. DO YOU

16  UNDERSTAND ME?

17         THE DEFENDANT: YES, SIR.

18         THE COURT: AT THE TRIAL, YOU WOULD

19  HAVE THE RIGHT TO BE ASSISTED BY CONSTITUTIONALLY-

20  ADEQUATE ATTORNEY SUCH AS THE GENTLEMAN WITH YOU.

21  BUT YOU WOULD ALSO HAVE THAT RIGHT EVEN IF YOU

22  PLED GUILTY TO ASSIST YOU IN THE REMAINING

23  PROCEEDINGS, THE SENTENCING, IF THERE IS AN

24  APPEAL, IF THAT'S APPROPRIATE, AND THE APPEAL AS

25  WELL. DO YOU UNDERSTAND ALL THAT?

1          THE DEFENDANT:  YES, SIR.

2          THE COURT:  AT TRIAL, AS I HAVE SAID,

3   YOU WOULD HAVE THE RIGHT TO CONFRONT AND CROSS

4   EXAMINE THE EVIDENCE AGAINST YOU.  YOU WOULD BE

5   PRESUMED TO BE INNOCENT OF THE CHARGES AT TRIAL.

6   AND THAT WOULD ACTUALLY BE CONSIDERED BY THE JURY

7   AS EVIDENCE IN YOUR FAVOR.  AND THE GOVERNMENT

8   WOULD HAVE TO PROVE YOU GUILTY BEYOND A REASONABLE

9   DOUBT.  IF THE GOVERNMENT, IF THEY WEREN'T ABLE TO

10  DO IT OR DIDN'T SUCCEED PROVING YOU GUILTY BEYOND

11  A REASONABLE DOUBT, YOU WOULD BE ENTITLED TO A

12  VERDICT OF NOT GUILTY BECAUSE YOU HAVE NO BURDEN

13  OF PROOF WHATSOEVER.  DO YOU UNDERSTAND ME?

14          THE DEFENDANT:  YES, SIR.

15          THE COURT:  SO, IF YOU PLEAD GUILTY AND

16  I ACCEPT THE GUILTY PLEA, YOU WOULD BE JUST AS

17  GUILTY AS IF WE HAD A TRIAL.  YOU WOULD LOSE SOME

18  THINGS AS WELL.  YOU WOULD LOSE THE PRESUMPTION OF

19  INNOCENCE, YOU WOULD LOSE THE RIGHT TO INSIST UPON

20  PROOF BEYOND A REASONABLE DOUBT, YOU WOULD LOSE

21  THE RIGHT TO BE TRIED BY A JURY, YOU WOULD LOSE

22  THE RIGHT TO CONFRONT AND CROSS EXAMINE THE

23  WITNESSES AGAINST YOU, YOU WOULD LOSE THE RIGHT TO

24  CALL WITNESSES TO TESTIFY IN YOUR BEHALF, AND YOU

25  WOULD LOSE THE RIGHT TO REFUSE TO TESTIFY BECAUSE,

1    IN FACT, YOU DO TESTIFY; BY PLEADING GUILTY YOU

2    TELL ME THAT YOU ARE GUILTY AND READY TO BE

3    SENTENCED.

4            THE ONLY THING LEFT FOR US TO DO,

5    FRANKLY, WOULD BE PRONOUNCE YOU GUILTY AND SET

6    YOUR SENTENCING.  DO YOU UNDERSTAND THAT?

7            THE DEFENDANT:  YES, SIR.

8            THE COURT:  NOW, IN THIS CASE, IT'S MY

9    UNDERSTANDING THAT YOU INTEND TO PLEAD GUILTY TO

10   COUNTS 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31,

11   33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55,

12   57, AND 89; IS THAT CORRECT?

13           THE DEFENDANT:  YES, SIR.

14           THE COURT:  NOW, THOSE ARE ALL CHARGES

15   THAT CHARGE YOU WITH VIOLATING 18 USC SECTION

16   2251(A) AND I AM GOING TO ASK THE GOVERNMENT TO

17   EXPLAIN THE NATURE AND MATERIAL ELEMENTS OF THAT

18   OFFENSE.  IN OTHER WORDS, WHAT THEY WOULD HAVE TO

19   PROVE TO PROVE YOU GUILTY OF THAT OFFENSE.  SO

20   LISTEN TO WHAT THE GOVERNMENT'S SAYING ABOUT THAT.

21           MS. BURRELL:  YOUR HONOR, BEFORE I DO

22   THAT, I WOULD LIKE TO EXPLAIN THAT, AS YOU KNOW,

23   HIS CO-DEFENDANT PLED GUILTY JUST PRIOR TO HIS

24   ENTERING A GUILTY PLEA.  THERE WERE ACTUALLY 53

25   IMAGES RECOVERED.  THIS DEFENDANT IS PLEADING

1    GUILTY TO ONLY 25 OF THE IMAGES BECAUSE WE FELT

2    LIKE AFTER VIEWING THE IMAGES, THOSE IMAGES, THOSE

3    25 WERE THE ONES THAT WE COULD PROVE FOR A FACT HE

4    PARTICIPATED IN THE PRODUCTION OF BECAUSE EITHER

5    HE IS AN ACTIVE PARTICIPANT IN THE PICTURES OR WE

6    SAW SOME PORTION OF HIS BODY IN THE PICTURE, OR

7    THE CO-DEFENDANT WAS ACTUALLY HAVING SEXUAL

8    CONTACT WITH THE CHILD THEREFORE HE HAD TO HAVE

9    BEEN THE ONE THAT TOOK THE PICTURES.  SO THAT'S

10   HOW WE CAME UP WITH 25.  AND HIS CO-DEFENDANT PLED

11   GUILTY TO EVERY SINGLE ONE OF THEM BECAUSE WE

12   BELIEVE SHE PARTICIPATED IN PRODUCTION OF ALL OF

13   THE IMAGES.

14        SO, THE 25 IMAGES THAT HE IS PLEADING

15   GUILTY TO TODAY, HE IS GOING TO PLEAD GUILTY TO --

16   THE FIRST WAY TO PROVE PRODUCTION OF CHILD

17   PORNOGRAPHY AND THE ELEMENTS OF THAT OFFENSE ARE

18   THAT THE DEFENDANT EMPLOYED, USED, PERSUADED,

19   INDUCED, ENTICED OR COERCED THE VICTIM TO TAKE

20   PART IN SEXUALLY-EXPLICIT CONDUCT FOR THE PURPOSE

21   OF PRODUCING A VISUAL DEPICTION OF SUCH CONDUCT.

22        SECONDLY, AT THE TIME THE VICTIM WAS A

23   MINOR.  AND, THIRD, THAT THE DEFENDANT KNEW OR HAD

24   REASON TO KNOW THAT SUCH VISUAL DEPICTION WOULD BE

25   TRANSPORTED AND TRANSMITTED USING A MEANS AND

1    FACILITY OF INTERSTATE AND FOREIGN COMMERCE AND IN

2    AND AFFECTING INTERSTATE OR FOREIGN COMMERCE.  OR

3    THAT SAID VISUAL DEPICTION WAS PRODUCED AND

4    TRANSMITTED USING MATERIAL THAT HAD BEEN MAILED,

5    SHIPPED, AND TRANSPORTED IN INTERSTATE AND FOREIGN

6    COMMERCE BY ANY MEANS.  OR, THAT SUCH VISUAL

7    DEPICTION HAD ACTUALLY BEEN TRANSPORTED AND

8    TRANSMITTED USING ANY MEANS AND FACILITY OF

9    INTERSTATE AND FOREIGN COMMERCE AND IN AND

10   AFFECTING INTERSTATE OR FOREIGN COMMERCE.

11              THE COURT:  OKAY.  DO YOU UNDERSTAND

12   WHAT THE GOVERNMENT SAID?

13              THE DEFENDANT:  YES, SIR.

14              THE COURT:  AND DO YOU UNDERSTAND WHAT

15   THE GOVERNMENT HAS TO PROVE TO PROVE YOU GUILTY OF

16   THOSE OFFENSE?

17              THE DEFENDANT:  YES, SIR.

18              THE COURT:  DOES THAT SATISFY DEFENSE

19   COUNSEL?

20              MR. BROWER:  YES, YOUR HONOR.

21              THE COURT:  ANOTHER THING THAT I NEED

22   TO DO BESIDE MAKING SURE THAT YOU KNOW WHAT THE

23   GOVERNMENT HAS TO PROVE TO PROVE YOU GUILTY OF THE

24   OFFENSES IS MAKE SURE THAT YOU UNDERSTAND THE

25   RANGE OF PUNISHMENT THAT YOU ARE FACING.  THERE IS

1    TWO RANGES OF PUNISHMENT WE ARE GOING TO TALK

2    ABOUT; ONE IS THE STATUTORY RANGE AND THE OTHER IS

3    THE SENTENCING GUIDELINE RANGE.

4           I ASSUME YOUR LAWYER HAS GONE OVER WITH

5    YOU WHAT THE GUIDELINE RANGE HE THINKS -- WHAT IT

6    WILL END UP BEING IN YOUR CASE.  HAS HE DONE THAT?

7           THE DEFENDANT:  YES, SIR.

8           THE COURT:  HE MAY HAVE IT CORRECT BUT

9    THEN HE MAY NOT.  NOBODY CAN TELL YOU WHAT THAT

10   GUIDELINE RANGE WILL END UP BEING UNTIL WE HAVE

11   YOUR SENTENCING HEARING AND I RULE ON WHAT COMES

12   IN AND WHAT DOESN'T COME IN.

13          I WILL TELL YOU THIS.  THE ADVISORY

14   GUIDELINE RANGE IS JUST THAT -- IT'S ADVISORY.

15   IT'S TO HELP ME DETERMINE AN APPROPRIATE SENTENCE

16   TO GIVE YOU HAVE.  MY JOB IN THE END WILL BE TO

17   SENTENCE YOU TO A SENTENCE WHICH IS SUFFICIENT BUT

18   NOT MORE THAN NECESSARY TO ACCOMPLISH THE

19   SENTENCING GOALS SET FORTH IN THE FEDERAL

20   STATUTES.

21          NOW, WITH THAT SAID, I WILL TELL YOU

22   THIS.  IF YOU FIND OUT THAT YOUR LAWYER GOT THE

23   SENTENCING GUIDELINE RANGE WRONG OR IT WAS

24   INCORRECT IN WHAT HE THOUGHT IT WOULD END UP

25   BEING, IT WILL NOT CONSTITUTE GROUNDS TO SET ASIDE

1   THE GUILTY PLEA.  DO YOU UNDERSTAND ME?

2          THE DEFENDANT:  YES, SIR.

3          THE COURT:  YOU ARE BOUND BY THE

4   STATUTORY RANGE OF PUNISHMENT; WE ALL ARE.  AND

5   THE STATUTORY RANGE OF PUNISHMENT IN YOUR CASE IS

6   AS FOLLOWS.  YOU WILL BE SUBJECT AS TO EACH COUNT

7   TO THE FOLLOWING.  A FINE OF NO MORE THAN

8   $250,000; IN-CUSTODY IMPRISONMENT NO LESS THAN 15

9   YEARS, NO MORE THAN 30 YEARS; SUPERVISED RELEASE

10   TERM OF NOT LESS THAN FIVE YEARS, NO MORE THAN

11   YOUR LIFETIME; AN ASSESSMENT FEE OF $100;

12   RESTITUTION WOULD APPLY, AND SENTENCING GUIDELINES

13   APPLY AS WELL.

14          FURTHER, IF YOU HAVE GOT A PREVIOUS

15   CONVICTION OR MORE, ONE OR MORE PREVIOUS

16   CONVICTIONS FOR RELATED OFFENSES, YOUR PUNISHMENT

17   WOULD BE -- FOR ONE SUCH PREVIOUS OFFENSE YOUR

18   PUNISHMENT WOULD CHANGE YOUR IN-CUSTODY

19   IMPRISONMENT PUNISHMENT WOULD INSTEAD BE NOT LESS

20   THAN 25 YEARS, NO MORE THAN 50 YEARS.  AND IF YOU

21   HAVE MORE THAN ONE RELATED OFFENSE AS A PRIOR

22   CONVICTION, THAT MEANS THAT YOU WERE CONVICTED OF

23   IT PRIOR TO DATE OF BEING CHARGED WITH THIS

24   PARTICULAR OFFENSE, OR THESE PARTICULAR OFFENSES,

25   YOUR IN-CUSTODY IMPRISONMENT WOULD BECOME INSTEAD

1    NOT LESS THAN 35 YEARS, NO MORE THAN YOUR

2    LIFETIME.

3              DO YOU UNDERSTAND ALL OF WHAT I HAVE

4    SAID?

5              THE DEFENDANT:  YES, SIR.

6              THE COURT:  DID YOUR LAWYER GO OVER

7    WHAT IS MEANT BY THESE RELATED OFFENSES?

8              THE DEFENDANT:  YES, SIR.

9              THE COURT:  PLEA AGREEMENTS -- AND I

10   WILL SAY THIS.  THESE ARE FELONIES AND, AS SUCH,

11   MAY DEPRIVE YOU OF VALUABLE CIVIL RIGHTS SUCH AS

12   THE RIGHT TO VOTE, HOLD PUBLIC OFFICE, SERVE ON

13   ANY JURY, OR POSSESS ANY TYPE OF FIREARM.  DO YOU

14   UNDERSTAND ME?

15             THE DEFENDANT:  YES, SIR.

16             THE COURT:  PLEA AGREEMENTS ARE

17   PERMITTED BUT YOU HAVE TO DISCLOSE THE EXISTENCE

18   OF THE PLEA AGREEMENT AND THE TERMS AND CONDITIONS

19   OF THE PLEA AGREEMENT.  THERE HAS BEEN A DOCUMENT

20   FILED WITH THE COURT CALLED PLEA AGREEMENT.  YOUR

21   LAWYER IS SHOWING YOU A COPY OF IT NOW.  HAVE YOU

22   SEEN THAT DOCUMENT BEFORE?

23             THE DEFENDANT:  YES, SIR.

24             THE COURT:  DID YOU READ IT?

25             THE DEFENDANT:  YES, SIR.

1          THE COURT:  DID YOUR LAWYER GO OVER IT

2   WITH YOU AS WELL?

3          THE DEFENDANT:  YES, SIR.

4          THE COURT:  ARE THOSE YOUR INITIALS IN

5   THE CORNER OF EACH PAGE?

6          THE DEFENDANT:  YES, SIR.

7          THE COURT:  DOES THIS DOCUMENT STATE

8   THE ENTIRE AGREEMENT THAT YOU HAD OR THAT YOU HAVE

9   WITH THE GOVERNMENT?

10          THE DEFENDANT:  YES, SIR.

11          THE COURT:  I WILL ASK YOUR LAWYER,

12   DOES THIS DOCUMENT STATE THE ENTIRE AGREEMENT THAT

13   YOUR CLIENT HAS WITH THE GOVERNMENT?

14          MR. BROWER:  YES, YOUR HONOR.

15          THE COURT:  AND, GOVERNMENT, DOES THIS

16   DOCUMENT STATE THE ENTIRE AGREEMENT THAT THE

17   GOVERNMENT HAS WITH THE DEFENDANT?

18          MS. BURRELL:  YES, YOUR HONOR.

19          THE COURT:  TURN, IF YOU WILL, TO PAGE

20   SIX.  THERE APPEARS TO BE A SIGNATURE THERE AND

21   IT'S IMMEDIATELY FOLLOWING THE SECTION CALLED THE

22   FACTUAL BASIS.  HAVE YOU READ THAT FACTUAL BASIS

23   THAT'S THERE?

24          THE DEFENDANT:  YES, SIR.

25          THE COURT:  DOES THAT FACTUAL BASIS

```
 1    ACCURATELY PORTRAY WHAT REALLY HAPPENED?

 2              THE DEFENDANT:  YES, SIR.

 3              THE COURT:  AND DO YOU STIPULATE AND

 4    AGREE THAT THE FACTS AS STATED, I SHOULD RELY UPON

 5    THEM; THEY ARE ACCURATE?

 6              THE DEFENDANT:  YES, SIR.

 7              THE COURT:  AND IS THAT YOUR SIGNATURE

 8    THERE ON PAGE SIX?

 9              THE DEFENDANT:  YES, IT IS.

10              THE COURT:  TURN, IF YOU WILL, TO PAGE

11    13.  IS THAT YOUR SIGNATURE?

12              THE DEFENDANT:  YES, SIR.

13              THE COURT:  WHEN YOU SIGNED IT THERE ON

14    PAGE 13, WERE YOU ACKNOWLEDGING THAT YOU HAD

15    WAIVED OR GIVEN UP YOUR RIGHT TO APPEAL OR FILE A

16    POST-CONVICTION PETITION EXCEPT IN THE LIMITED

17    CIRCUMSTANCES SET FORTH ABOVE YOUR SIGNATURE?

18              THE DEFENDANT:  YES, SIR.

19              THE COURT:  AND IS THAT YOUR SIGNATURE

20    AT THE TOP OF PAGE 19?

21              THE DEFENDANT:  YES, SIR.

22              THE COURT:  NOW, WHEN YOU SIGNED IT

23    THERE ON PAGE 19, WERE YOU ACKNOWLEDGING THAT WAS,

24    IN FACT, YOUR AGREEMENT?

25              THE DEFENDANT:  YES, SIR.
```

1          THE COURT:  HAS ANYBODY THREATENED YOU,

2    FORCED YOU, OR COERCED YOU IN ANY WAY TO GET YOU

3    TO PLEAD GUILTY?

4          THE DEFENDANT:  NO, SIR.

5          THE COURT:  ARE YOU WANTING TO PLEAD

6    GUILTY BECAUSE YOU ARE GUILTY?

7          THE DEFENDANT:  YES, SIR.

8          THE COURT:  DO YOU KNOW ANY REASON I

9    SHOULD NOT ACCEPT THIS DEFENDANT'S GUILTY PLEA IF

10   HE OFFERS IT?

11         MR. BROWER:  I DO NOT, YOUR HONOR.

12         THE COURT:  DO YOU KNOW ANY REASON I

13   SHOULD NOT ACCEPT THIS DEFENDANT'S GUILTY PLEA IF

14   IT'S OFFERED.

15         MS. BURRELL:  NO, YOUR HONOR.  I WOULD

16   PUT ON THE RECORD AGAIN THAT HE IS REPRESENTED BY

17   A VERY GOOD ATTORNEY, SCOTT BROWER.  I DID PROVIDE

18   HIM WITH ALL OF THE DISCOVERY IN THIS CASE EXCEPT

19   FOR THE DISCOVERY DOCUMENTS THAT I AM PROHIBITED

20   BY LAW FROM GIVING HIM, SUCH AS THE DHR REPORTS

21   AND THE CHILD'S COUNSELING REPORTS.  I DID MEET

22   WITH MR. BROWER IN MY OFFICE IN HUNTSVILLE TO GO

23   OVER THE IMAGES RECOVERED IN THIS CASE.  HE SAW

24   THEM.  I AM SURE HE DISCUSSED THEM WITH HIS

25   CLIENT.  MANY OF THE IMAGES CLEARLY, CLEARLY SHOW

1    THE DEFENDANT ENGAGED IN ORAL AND VAGINAL

2    INTERCOURSE WITH THIS LITTLE GIRL.  SO I AM SURE

3    THAT HE DISCUSSED, HAD WE GONE TO TRIAL, THOSE

4    IMAGES WERE GOING TO BE SHOWN TO THE JUDGE AND THE

5    JURY.  SO I KNOW THEY HAVE HAD LONG CONVERSATIONS

6    ABOUT WHETHER HE SHOULD ENTER A GUILTY PLEA OR

7    NOT, AND I AM SURE THAT HE TODAY IS ENTERING A

8    KNOWING GUILTY PLEA.

9                THE COURT:  THANK YOU.

10                   ALL RIGHT.  DO YOU UNDERSTAND YOU

11   HAVE A RIGHT TO GO TO TRIAL?

12               THE DEFENDANT:  YES, SIR.

13               THE COURT:  I AM GOING TO ASK YOU HOW

14   YOU PLEAD.  YOU CAN EITHER PLEAD GUILTY OR NOT

15   GUILTY.  IF YOU PLEAD NOT GUILTY, WE WILL GO TO

16   TRIAL AND WE'LL SELECT A JURY.  DO YOU UNDERSTAND

17   ALL THAT?

18               THE DEFENDANT:  YES, SIR, I UNDERSTAND.

19               THE COURT:  DO YOU UNDERSTAND IF YOU

20   PLEAD GUILTY, YOU WILL NO LONGER HAVE THAT RIGHT?

21               THE DEFENDANT:  I UNDERSTAND.

22               THE COURT:  TO THE OFFENSES CHARGED

23   AGAINST YOU IN COUNTS 11, 13, 15, 17, 19, 21, 23,

24   25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47,

25   49, 51, 53, 55, 57, AND 89, HOW DO YOU PLEAD?

```
 1              THE DEFENDANT:  I PLEAD GUILTY, YOUR

 2   HONOR.

 3              THE COURT:  IT IS THE FINDING OF THIS

 4   COURT THAT THE DEFENDANT IS FULLY COMPETENT AND

 5   CAPABLE OF ENTERING AN INFORMED PLEA, THAT HE IS

 6   AWARE OF THE NATURE OF THE CHARGES AND THE

 7   CONSEQUENCES OF HIS PLEA, AND THAT THE PLEA OF

 8   GUILTY IS A KNOWING AND VOLUNTARY PLEA SUPPORTED

 9   BY AN INDEPENDENT BASIS IN FACT CONTAINING EACH OF

10   THE ESSENTIAL ELEMENTS OF THE OFFENSES.  THE PLEA

11   IS THEREFORE ACCEPTED AND THE DEFENDANT NOW

12   ADJUDGED GUILTY OF THOSE OFFENSES.

13              WE'LL SET YOU UP FOR SENTENCING AND

14   BRING YOU BACK.

15              THANK YOU.

16                  (COURT IN RECESS.)

17

18

19

20

21

22

23

24

25
```

1   ******************************************************

2                C E R T I F I C A T E

3   ******************************************************

4   IN RE:  USA V. MATTHEW DAVID AYERS

5   CASE #:  5:14-CR-117-LSC

6

7        I HEREBY CERTIFY THAT THE FOREGOING

8   TRANSCRIPT IN THE ABOVE-STYLED CAUSE IS

9   TRUE AND ACCURATE.

10   _____        MARCH 13, 2015

11   LINDY M. FULLER, RMR, CRR, CBC        DATE

12   FEDERAL OFFICIAL COURT REPORTER

13   HUGO L. BLACK U.S. COURTHOUSE

14   1729 5TH AVENUE NORTH, SUITE

15   BIRMINGHAM, ALABAMA  35203

16

17

18

19

20

21

22

23

24

25

**51**

Case 5:14-cr-00117-LSC-SGC   Document 51   Filed 03/16/15   Page 1 of 15

FILED

USCA11 Case: 14-15040   Document: 13   Date Filed: 05/08/2015   Page: 188 of 204

2015-Mar-16  AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
 1                UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
 2                   NORTHEASTERN DIVISION

 3  UNITED STATES OF AMERICA,           5:14-CR-117-LSC

 4          PLAINTIFF,                   OCTOBER 22, 2014

 5          V.                          TUSCALOOSA, AL

 6  MATTHEW DAVID AYERS,

 7          DEFENDANT.

 8  * * * * * * * * * * * * *

 9            TRANSCRIPT OF SENTENCING HEARING
           BEFORE THE HONORABLE L. SCOTT COOGLER,
10                UNITED STATES DISTRICT JUDGE
    APPEARANCES:
11
    FOR THE UNITED STATES:
12
    MARY STUART BURRELL, ESQ.
13
    ASSISTANT UNITED STATES ATTORNEY
14
    HUNTSVILLE, ALABAMA
15

16
    FOR THE DEFENDANT:
17
    W. SCOTT BROWER, ESQ.
18
    ATTORNEY AT LAW
19
    BIRMINGHAM, ALABAMA
20

21
    COURT REPORTER:
22
    LINDY M. FULLER, RMR, CRR, CBC
23
    FEDERAL OFFICIAL COURT REPORTER
24
    BIRMINGHAM, ALABAMA
25
```

```
1                    P R O C E E D I N G S
2                       (IN OPEN COURT)
3              THE COURT:  THIS IS UNITED STATES OF
4    AMERICA V. MATTHEW AYERS, CASE NUMBER 2014-117.
5    WE ARE HERE FOR THE PURPOSE OF SENTENCING THE
6    DEFENDANT.  IS THE GOVERNMENT READY TO PROCEED?
7              MS. BURRELL:  WE ARE READY, YOUR HONOR.
8              THE COURT:  DEFENSE READY TO PROCEED?
9              MR. BROWER:  YES, YOUR HONOR.
10             THE COURT:  MR. BROWER, HAVE YOU AND
11   YOUR CLIENT HAD AT LEAST 35 DAYS TO REVIEW THE
12   PRESENTENCE REPORT?
13             MR. BROWER:  YES, YOUR HONOR.
14             THE COURT:  YOU HAVE NOT MADE ANY
15   OBJECTIONS TO IT; IS THAT CORRECT?
16             MR. BROWER:  THAT'S CORRECT, YOUR
17   HONOR.
18             THE COURT:  DO YOU HAVE ANY OBJECTION
19   TO THE PRESENTENCE REPORT?
20             MR. BROWER:  NO, YOUR HONOR.
21             THE COURT:  GOVERNMENT, DO YOU HAVE ANY
22   OBJECTIONS TO THE PRESENTENCE REPORT?
23             MS. BURRELL:  NO, WE DO NOT, YOUR
24   HONOR.
25             THE COURT:  THERE BEING NO OBJECTIONS,
```

```
1    THE COURT ADOPTS THE FACTUAL STATEMENTS CONTAINED

2    IN THE PRESENTENCE REPORT AND MAKES SPECIFIC

3    FINDINGS THAT THE GUIDELINES OFFENSE LEVEL IS 43,

4    CRIMINAL HISTORY CATEGORY IS ROMAN NUMERAL I, AND

5    THE ADVISORY GUIDELINE IMPRISONMENT RANGE IS A

6    TERM OF LIFE.

7           FURTHER, THE SUPERVISED RELEASE PERIOD

8    IS ANY TERM OF YEARS NOT LESS THAN FIVE YEARS AND

9    UP TO LIFE, AND A FINE RANGE OF $25,000 TO

10   $250,000.

11          I WILL SAY THIS.  THE COURT IS NOT

12   BOUND BY THE GUIDELINE RANGE.  THE COURT IS TO

13   CONSIDER IT.  BUT MY OBLIGATION IS TO SENTENCE THE

14   DEFENDANT TO A SENTENCE WHICH IS SUFFICIENT BUT

15   NOT MORE THAN NECESSARY TO ACCOMPLISH THE

16   SENTENCING GOALS SET FORTH IN THE FEDERAL

17   STATUTES.

18          WITH THAT SAID, IS THERE GOING TO BE

19   ANY TESTIMONY?

20          MS. BURRELL:  WE DO NOT HAVE ANY

21   TESTIMONY, YOUR HONOR, BUT I WOULD LIKE TO ADMIT

22   AN EXHIBIT INTO EVIDENCE SO THAT YOU CAN SEAL IT

23   AND IT WILL GO WITH THE RECORD.  I PROVIDED THE

24   DEFENSE ATTORNEY WITH A COPY OF IT ALTHOUGH HE HAS

25   SEEN IT PREVIOUSLY TO TODAY.  THIS PICTURE IS THE
```

1    SUBJECT MATTER IN COUNTS 43 AND 44 OF THE

2    INDICTMENT.

3            THE COURT:  IS THIS THE SAME ONE THAT

4    YOU INTRODUCED IN THE LAST HEARING?

5            MS. BURRELL:  YES.

6            THE COURT:  AND THIS WILL BE

7    GOVERNMENT'S EXHIBIT ONE?

8            MS. BURRELL:  YES.

9            THE COURT:  ANY OBJECTION?

10            MR. BROWER:  NO OBJECTION, YOUR HONOR.

11            THE COURT:  ALL RIGHT.  IT WILL BE

12    ADMITTED. AND DO YOU HAVE AN ENVELOPE?  IF IT'S

13    EMPTY.  IF IT'S NOT EMPTY, WE CAN GET ONE.  WE'LL

14    JUST GET ONE.

15            ALL RIGHT.  WOULD YOU AND YOUR CLIENT

16    COME TO THE PODIUM, PLEASE?

17            IT'S MY UNDERSTANDING THAT RESTITUTION

18    IS NOT AN ISSUE IN THE CASE.

19            MS. BURRELL:  THAT'S CORRECT, YOUR

20    HONOR.

21            THE COURT:  AND WILL YOU BE WITHDRAWING

22    YOUR REQUEST THAT THE EVIDENCE BE FORFEITED?

23            MS. BURRELL:  YES, I WILL, YOUR HONOR.

24            THE COURT:  MR. BROWER, DO YOU HAVE

25    ANYTHING TO SAY IN MITIGATION OR OTHERWISE BEFORE

1    I PRONOUNCE THE SENTENCE OF LAW UPON YOUR CLIENT?

2            MR. BROWER:  YES, YOUR HONOR.  AS THE

3    COURT'S AWARE, YESTERDAY I FILED A SENTENCING

4    MEMORANDUM.  YOUR HONOR, I WOULD ESSENTIALLY RELY

5    ON MY SENTENCING MEMORANDUM THAT I FILED; HOWEVER,

6    I WOULD STATE THAT AS WE ASK FOR IN THE SENTENCING

7    MEMORANDUM THAT YOUR HONOR SENTENCE THE DEFENDANT

8    TO A TERM OF IMPRISONMENT OF 360 MONTHS AS TO

9    COUNT 11 AND CONSECUTIVE 180 MONTHS FOR ALL

10   REMAINING COUNTS CONCURRENTLY.

11           YOUR HONOR, THE DEFENDANT, OBVIOUSLY

12   THE GUIDELINES ARE ADVISORY.  THE RECOMMENDATION

13   UNDER THE GUIDELINES FOR CONSECUTIVE SENTENCES

14   AMOUNTS TO A 750 YEAR SENTENCE WHICH IS ABSOLUTELY

15   MORE THAN NECESSARY IN THIS CASE TO INSURE THAT

16   MR. AYERS NEVER GETS OUT OF PRISON.  AND SO YOUR

17   HONOR, WE WOULD ASK THAT RATHER THAN SENTENCING

18   HIM TO A 750 YEAR SENTENCE THAT YOUR HONOR

19   SENTENCE HIM TO A TOTAL OF 45 YEARS, AND WE

20   BELIEVE THAT'S SUFFICIENT BUT NOT GREATER THAN

21   NECESSARY TO MEET ALL THE SENTENCING MANDATES SET

22   OUT IN THE UNITED STATES CODE.

23           THE COURT:  ALL RIGHT.  MR. AYERS, THIS

24   IS YOUR OPPORTUNITY TO SAY ANYTHING THAT YOU WOULD

25   LIKE TO SAY IN MITIGATION OR OTHERWISE BEFORE I

1   PRONOUNCE THE SENTENCE OF LAW UPON YOU.  DO YOU

2   HAVE ANYTHING THAT YOU WOULD LIKE TO SAY?

3           THE DEFENDANT:  YES, SIR.  THERE IS

4   NOTHING THAT I CAN SAY ACTUALLY TO MITIGATE OR

5   JUSTIFY ANY OF THE DECISIONS THAT I HAVE MADE.  I

6   CAN'T EVEN -- THINKING BACK, I CAN'T IDENTIFY WITH

7   THE PERSON THAT MADE THOSE DECISIONS.  I DON'T

8   UNDERSTAND WHAT I WAS THINKING OR NOT THINKING.  I

9   HAVE COME TO TERMS WITH WHAT I HAVE DONE AS MUCH

10  AS I AM ABLE TO.  I HAVE GONE BACK TO MY ROOTS

11  RELIGIOUSLY.  GOD'S FORGIVEN ME BUT NOW I HAVE TO

12  DEAL WITH MAN'S COURT.  I HAVE BROKEN THE LAW.

13  THERE IS NOTHING MORE THAT I CAN SAY.  I NEED TO

14  APOLOGIZE FOR EVERYTHING.  I HAD A RESPONSIBILITY

15  AND I DROPPED THE BALL.  I MORE THAN DROPPED THE

16  BALL.  WORDS CAN'T EXPRESS IT.  I'M SORRY ISN'T

17  ENOUGH.

18          THE COURT:  OKAY.

19          THE DEFENDANT:  I GUESS THAT'S IT.

20          THE COURT:  GOVERNMENT?

21          MS. BURRELL:  YOUR HONOR, AS I SAID IN

22  THE PREVIOUS HEARING AND I WANT TO REITERATE IT IN

23  THIS HEARING, THERE ARE JUST SOME CRIMES THAT ARE

24  SO BAD THAT IF A PERSON COMMITS THAT CRIME, THAT

25  PERSON HAS FORFEITED HIS RIGHT TO LIVE IN A FREE

1    SOCIETY.  AND I ARGUED IN THE LAST HEARING AND I

2    AM ARGUING IN THIS ONE THAT THIS IS ONE OF THOSE

3    CRIMES, YOUR HONOR.

4            I KNOW YOU HAVE READ MY SENTENCING

5    MEMO.  I WANTED TO HIGHLIGHT SOME OF THE MORE

6    GRAPHIC THINGS THAT HAPPENED IN THIS CASE IN THE

7    PREVIOUS HEARING, AND I UNDERSTAND THE REASONS WHY

8    THAT YOU PREFER JUST TO READ THE SENTENCING MEMO

9    AND HAVE THE SENTENCING MEMO BE A PART OF THE

10   RECORD, SO I AM GOING TO RESPECT THAT.

11           BUT YOUR HONOR, THE THINGS THAT I

12   OUTLINED IN THE SENTENCING MEMO AS YOU CAN

13   UNDERSTAND ARE REASONS WHY THIS CASE MANDATES A

14   750 YEAR SENTENCE.  I HAVE ADMITTED GOVERNMENT'S

15   EXHIBIT ONE; I ADMITTED THE SAME PHOTOGRAPH IN THE

16   PREVIOUS HEARING.  THAT PHOTOGRAPH THAT I HAVE

17   GIVEN TO YOU, YOUR HONOR, IS NOT ONE OF THE MOST

18   GRAPHIC PHOTOGRAPHS THAT WE HAD.  AS A MATTER OF

19   FACT, IT'S PROBABLY ONE OF THE LEAST GRAPHIC

20   PHOTOGRAPHS THAT WE HAVE GOT IN THIS NOTEBOOK OF

21   OVER 50 PICTURES THAT THIS DEFENDANT AND HIS WIFE

22   MADE OF THEIR EIGHT-YEAR-OLD DAUGHTER.  BUT THE

23   THING THAT IS SO SAD ABOUT THAT PHOTOGRAPH THAT I

24   GAVE TO YOU IS IF YOU LOOK IN THAT CHILD'S EYES,

25   TO ME, WHICH IS THE FIRST THING THAT YOU LOOK AT

1  WHEN YOU LOOK IN THAT PICTURE, YOU SEE EXACTLY

2  WHAT THEY DID TO THIS CHILD, WHICH IS ROBBING HER

3  OF HER CHILDHOOD AND STEALING HER SOUL.

4          YOUR HONOR, THAT'S REALLY ALL I HAVE

5  GOT TO SAY.  I CAN'T SAY ANYTHING ELSE TO CONVEY

6  TO THE COURT HOW AWFUL THIS CASE WAS.  AND IF

7  THERE WAS EVER A CASE WHERE SOMEBODY DESERVES TO

8  BE SENTENCED TO 750 YEARS, IT'S THIS ONE.

9          THE COURT:  OKAY.  I AM NOT BOUND BY

10  THE SENTENCING GUIDELINE RANGE BUT MY OBLIGATION

11  IS TO CRAFT A SENTENCE WHICH IS SUFFICIENT BUT NOT

12  MORE THAN NECESSARY TO ACCOMPLISH THE SENTENCING

13  GOALS SET FORTH IN THE FEDERAL STATUTES, AND THE

14  SENTENCING GOALS IN THE FEDERAL STATUTES ARE

15  SEVERAL.  AND I HAD THE OPPORTUNITY TO SENTENCE

16  YOUR -- I DON'T KNOW WHETHER SHE IS STILL YOUR

17  WIFE OR EX-WIFE OR WHATEVER, BEFORE THIS.  AND I

18  GAVE HER THE MAXIMUM I COULD, AND I THINK THAT WAS

19  APPROPRIATE.  AND I THINK IT'S APPROPRIATE FOR YOU

20  TO GET THE MAXIMUM YOU CAN IN YOUR CASE.

21          IT'S NOT THAT YOU ARE NOT REDEEMABLE

22  BECAUSE EVERYBODY IS, NO MATTER WHAT THEY DO.  AND

23  I AM HAPPY THAT YOU RECOGNIZE THAT.  BUT IT'S THAT

24  WE ALL HAVE CONSEQUENCES THAT WE HAVE TO

25  EXPERIENCE AND SUFFER HERE WHEN WE VIOLATE THE LAW

1   AND DO THINGS LIKE THIS, PARTICULARLY TO CHILDREN,

2   WHEN WE TAKE THE SOUL OF A CHILD.  WHEN WE TAKE

3   THEIR CHILDHOOD AWAY, THIS CHILD WILL HAVE TO DEAL

4   WITH THIS THE REST OF HER LIFE.  AND THAT'S

5   REGRETTABLE.  I AM GLAD YOU RECOGNIZE WHAT YOU

6   DID.

7           NOW, YOUR SENTENCE IS NOT GOING TO BE

8   NEAR THE SENTENCE, FRANKLY, OF YOUR WIFE, BUT THE

9   NET EFFECT IS GOING TO BE THE SAME.  YOU WILL BE

10  IN PRISON THE REST OF YOUR LIFE.  SO, ANYWAY, I

11  THINK THAT'S APPROPRIATE WHEN I CONSIDER THE

12  NATURE AND CIRCUMSTANCES OF THIS OFFENSE, WHAT

13  ACTUALLY TRANSPIRED.  I HOPE THAT IF THERE EVER IS

14  AN APPEAL OF THIS SENTENCE THAT THE REVIEWING

15  COURT LOOKS AT THE EXHIBIT, READS CAREFULLY WHAT

16  OCCURRED IN THIS CASE, BECAUSE THE CIRCUMSTANCES

17  OF WHAT HAPPENED ARE EGREGIOUS.  IT'S PERHAPS ONE

18  OF THE WORST CASES THAT I HAVE DEALT WITH SINCE I

19  HAVE BEEN A JUDGE SINCE 1998, AND THAT INCLUDES

20  MURDER CASES AND RAPE CASES AND ALL KINDS OF CASES

21  THAT I HAVE HAD TO DEAL WITH.

22          BUT REGARDLESS, WITH REGARD TO COUNTS

23  11, 13, 15 17, 19, 21, 23, 25, 27, 29, 31, 33, 35,

24  37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57 AND 89,

25  I ORDER YOU REMANDED TO THE CUSTODY OF THE BUREAU

1    OF PRISONS TO BE IMPRISONED FOR A PERIOD OF 360

2    MONTHS AS TO EACH COUNT, WITH EACH COUNT RUN

3    CONSECUTIVE TO THE OTHERS.

4              IN OTHER WORDS, THE TOTAL SENTENCE WILL

5    BE 9,000 MONTHS OR A TOTAL OF 750 YEARS.

6              UPON YOUR RELEASE FROM IMPRISONMENT,

7    WHICH I DON'T THINK YOU WILL BE RELEASED, BUT

8    UNDER THE OPERATION OF SOME LAW OR CHANGE OF LAW

9    YOU BECOME RELEASED FROM IMPRISONMENT, I ORDER YOU

10   BE PLACED ON SUPERVISED RELEASE FOR A PERIOD OF

11   LIFE.  I AM NOT GOING TO IMPOSE A FINE DUE TO YOUR

12   INABILITY TO PAY A FINE.  AND I AM NOT GOING TO

13   ORDER RESTITUTION AS THERE IS NO REQUEST FOR

14   RESTITUTION.

15             I DO ORDER YOU PAY A SPECIAL ASSESSMENT

16   FEE IN THE AMOUNT OF $2,500 TO THE UNITED STATES

17   GOVERNMENT; THAT'S DUE IMMEDIATELY.  THE EVEN-

18   NUMBERED COUNTS, 12 THROUGH 90 -- EXCUSE ME, 12

19   THROUGH 58 AND COUNT 90 AND COUNT 107 NEED TO BE

20   DISMISSED ON MOTION OF THE GOVERNMENT.

21             MS. BURRELL:  YOUR HONOR, WE WOULD MOVE

22   TO DISMISS THOSE COUNTS.

23             THE COURT:  NOT THE ODD COUNTS I HAVE

24   SENTENCED HIM ON BUT JUST THE EVEN COUNTS THAT I

25   JUST MENTIONED, 12 THROUGH 58, THE EVEN COUNTS OF

1   THOSE, COUNT 90 AND COUNT 107 ONLY ARE DISMISSED.

2   THE COUNTS THAT I ORDERED THE SENTENCE UPON WILL

3   NOT BE DISMISSED.

4           THE GOVERNMENT IS WITHDRAWING THEIR

5   REQUEST FOR CRIMINAL FORFEITURE, SO I WILL NOT BE

6   ENTERING A CRIMINAL FORFEITURE.  WHILE YOU ARE ON

7   SUPERVISED RELEASE, YOU WILL COMPLY WITH THE

8   STANDARD AND MANDATORY CONDITIONS OF SUPERVISED

9   RELEASE AS WELL AS THE FOLLOWING SPECIAL

10  CONDITIONS.

11          YOU SHALL NOT HAVE ANY UNSUPERVISED,

12  ONE-TO-ONE CONTACT WITH ANY CHILDREN UNDER THE AGE

13  OF 18 AT ALL, INCLUDING YOUR OWN CHILDREN.  YOU

14  SHALL NOT ENGAGE IN ANY OCCUPATION, EMPLOYMENT OR

15  VOLUNTEER ACTIVITIES WHICH WOULD PLACE YOU IN A

16  POSITION OF TRUST WITH CHILDREN UNDER THE AGE OF

17  18.

18          PURSUANT TO THE ADAM WALSH CHILD

19  PROTECTION ACT OF 2006, YOU SHALL REGISTER AS A

20  SEX OFFENDER NO LATER THAN THREE BUSINESS DAYS

21  FROM YOUR RELEASE FROM IMPRISONMENT.  YOU SHALL

22  KEEP YOUR REGISTRATION CURRENT IN EACH

23  JURISDICTION IN WHICH YOU RESIDE OR YOU ARE

24  EMPLOYED OR YOU ARE A STUDENT AND YOU SHOULD, NO

25  LATER THAN THREE BUSINESS DAYS AFTER EACH CHANGE

1    IN YOUR NAME, RESIDENCE, EMPLOYMENT, OR STATUS AS

2    A STUDENT APPEAR IN PERSON IN AT LEAST ONE

3    JURISDICTION IN WHICH YOU ARE REGISTERED AND

4    INFORM THAT JURISDICTION OF ALL CHANGES IN YOUR

5    INFORMATION.  FAILURE TO DO SO WILL NOT ONLY BE A

6    VIOLATION OF THIS CONDITION BUT COULD BE A NEW

7    FEDERAL OFFENSE PUNISHABLE BY UP TO TEN YEARS

8    IMPRISONMENT.

9           YOU SHALL ALLOW THE PROBATION OFFICE

10   ACCESS TO ANY PHOTOGRAPHS OR VIDEO RECORDINGS YOU

11   MAY POSSESS.  BEING A FELON AND BEING REQUIRED TO

12   REGISTER UNDER THE SEX OFFENDER ACT --

13   REGISTRATION AND NOTIFICATION ACT, EXCUSE ME, YOU

14   SHALL SUBMIT TO YOUR PERSON, PROPERTY, HOUSE,

15   RESIDENCE, VEHICLE, PAPERS, COMPUTERS, OR OTHER

16   ELECTRONIC COMMUNICATIONS OR DATA STORAGE DEVICES

17   OR MEDIA AND EFFECTS TO SEARCH AT ANY TIME WITH OR

18   WITHOUT A WARRANT BY ANY LAW ENFORCEMENT OR

19   PROBATION OFFICER WITH REASONABLE SUSPICION

20   CONCERNING A VIOLATION OF A CONDITION OF

21   SUPERVISED RELEASE OR UNLAWFUL CONDUCT.

22          YOU SHALL PARTICIPATE IN AN APPROVED

23   MENTAL HEALTH TREATMENT PROGRAM SPECIALIZING IN

24   SEX OFFENDER TREATMENT UNDER THE ADMINISTRATIVE

25   SUPERVISION OF THE PROBATION OFFICE.  THAT PROGRAM

```
 1    MAY INCLUDE PSYCHOSEXUAL EVALUATION, FAMILY, GROUP
 2    AND/OR INDIVIDUAL COUNSELING AND PSYCHOLOGICAL AND
 3    CLINICAL POLYGRAPH TESTING.  THE RESULTS OF THE
 4    POLYGRAPH EXAMINATIONS MAY NOT BE USED AS EVIDENCE
 5    IN COURT FOR THE PURPOSE OF REVOCATION OF
 6    SUPERVISED RELEASE BUT MAY BE CONSIDERED IN A
 7    HEARING TO MODIFY CONDITIONS OF RELEASE.
 8              WHILE PARTICIPATING IN TREATMENT, YOU
 9    SHALL ABIDE BY ALL RULES AND REQUIREMENTS OF THE
10    PROGRAM AND YOU SHALL CONTRIBUTE TO THE COST OF
11    THE TREATMENT AND POLYGRAPH TESTING UNLESS IT IS
12    DETERMINED THAT YOU DO NOT HAVE THE ABILITY TO DO
13    THAT.
14              ALL RIGHT.  ARE THERE ANY OBJECTIONS
15    FROM ANY PARTY AS TO FINDINGS OF FACT, THE
16    CALCULATION OF THE SENTENCE OR THE MANNER IN WHICH
17    THE SENTENCE WAS PRONOUNCED OR IMPOSED?  FROM THE
18    GOVERNMENT?
19              MS. BURRELL:  NONE FROM THE GOVERNMENT,
20    YOUR HONOR.
21              THE COURT:  FROM THE DEFENSE?
22              MR. BROWER:  YOUR HONOR, ON BEHALF OF
23    MR. AYERS, WE WOULD OBJECT TO THE SENTENCE AS MORE
24    THAN NECESSARY TO ACCOMPLISH THE SENTENCING GOALS,
25    AND EXCESSIVE, AND STATE THAT WE BELIEVE THAT THE
```

1    SENTENCE IS IN EXCESS OF WHAT IS NECESSARY IN THIS

2    CASE.

3              THE COURT:  OKAY.  YOU HAVE THE RIGHT

4    TO APPEAL THE SENTENCE IMPOSED WITHIN 14 DAYS IF

5    YOU BELIEVE THAT SENTENCE IS IN VIOLATION OF THE

6    LAW; HOWEVER, YOU MAY HAVE WAIVED SOME OR ALL OF

7    YOUR RIGHTS TO APPEAL AS PART OF YOUR PLEA

8    AGREEMENT.  IF YOU DID, SUCH WAIVERS ARE GENERALLY

9    FOUND TO BE ENFORCEABLE.  WITH FEW EXCEPTIONS, ANY

10   NOTICE OF APPEAL MUST BE FILED WITHIN 14 DAYS OF

11   JUDGMENT BEING ENTERED IN YOUR CASE.

12             IF YOU ARE UNABLE TO PAY THE COST OF AN

13   APPEAL, YOU MAY APPLY FOR LEAVE TO APPEAL IN FORMA

14   PAUPERIS AND FOR THE APPOINTMENT OF COUNSEL.  IF

15   GRANTED, THE CLERK OF COURT WILL ASSIST YOU IN

16   PREPARING AND FILING YOUR NOTICE OF APPEAL.

17             ALL RIGHT.

18             MR. BROWER:  THANK YOU, YOUR HONOR.

19             THE COURT:  OKAY.  THANK YOU.  BE

20   CAREFUL GOING HOME.

21                  (COURT IN RECESS.)

22

23

24

25

```
 1   ***********************************************

 2                C E R T I F I C A T E

 3   ***********************************************

 4   IN RE:  USA V. MATTHEW DAVID AYERS

 5   CASE #:  5:14-CR-117-LSC

 6

 7        I HEREBY CERTIFY THAT THE FOREGOING

 8   TRANSCRIPT IN THE ABOVE-STYLED CAUSE IS

 9   TRUE AND ACCURATE.

10   _____    MARCH 13, 2015

11   LINDY M. FULLER, RMR, CRR, CBC       DATE

12   FEDERAL OFFICIAL COURT REPORTER

13   HUGO L. BLACK U.S. COURTHOUSE

14   1729 5TH AVENUE NORTH, SUITE 207

15   BIRMINGHAM, ALABAMA  35203

16

17

18

19

20

21

22

23

24

25
```

**B**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Record Appendix  has this day been mailed, proper postage prepaid to Joyce Vance, United States Attorney, Northern District of Alabama, 1801 4th Ave. N. Birmingham, Alabama 35203 and Matthew David Ayers #00298396, Limestone Correctional Facility, 28779 Nick Davis Rd., Harvest, Alabama 35749, this the 8th day of May, 2015.

<u>/s/ W. Scott Brower</u>
W. Scott Brower